1 | CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
Kenneth D. Sulzer (SBN 120253)
2 | ksulzer@constangy.com
Sarah Kroll-Rosenbaum (SBN 272358)
3 | skroll-rosenbaum@constangy.com
1800 Century Park East, 6th Floor
4 | Los Angeles, CA 90067
Telephone: (310) 909-7775

5

Attorneys for Defendant
6 | AMN SERVICES, LLC

7

8

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11

| VERNA MAXWELL CLARKE, an individual on behalf of herself and others similarly situated, | Case No. _____ |
|---|---|
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA; DECLARTION OF SARAH KROLL-ROSENBAUM IN SUPPORT; DECLARATION OF LISA LARSON IN SUPPORT, EXHIBITS** |
| v. | |
| AMN SERVICES, LLC dba NURSECHOICE; and DOES 1 to 10 inclusive, | |
| Defendants. | **[Class Action Fairness Act of 2005]** |
| | (Los Angeles Superior Court Case No. BC 619695) |
| | Complaint Filed: May 6, 2016 |

1
NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant AMN Services, LLC ("AMN") removes the above-referenced action from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 asserting original federal jurisdiction under 28 U.S.C. § 1332(d)(2). In support of such removal, AMN states as follows:

1. On May 6, 2016, Plaintiff Verna Maxwell Clarke commenced an action against AMN in the Superior Court of California, County of Los Angeles, asserting claims for failure to pay overtime wages, failure to provide accurate itemized wage statements, unfair business practices, and waiting time penalties on behalf of herself and a putative class of current and former healthcare professionals employed in California since September 11, 2013 by NurseChoice, a brand of AMN. (Declaration of Sarah Kroll-Rosenbaum ("Kroll-Rosenbaum Decl.") ¶ 2, Exhibit A.)

2. The Complaint was served on AMN on May 11, 2016. (*Id*. ¶ 3.)

3. AMN answered the Complaint on June 9, 2016. (*Id*. ¶ 4, Ex. B.)

4. This Notice of Removal is timely filed within 30 days of the date of service. 28 U.S.C. § 1446(b).

5. **Jurisdiction**. This Court has original jurisdiction over this action under the Class Action Fairness Act ("CAFA"), codified in pertinent part at 28 U.S.C. § 1332(d)(2) because the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs, the action is a class action in which at least one class member is a citizen of a state different from that of a Defendant, and fewer than two-thirds of the members of the putative class, in aggregate, are citizens of California. 28 U.S.C. §§ 1332(d)(2), (d)(4), and (d)(6). Further, the

1 number of putative class members is greater than 100. 28 U.S.C. § 1332(d)(5)(B). This action is therefore properly removable pursuant to 28 U.S.C. § 1441(a).

6. AMN provides short-term staffing solutions to health care facilities across the country by locating and placing qualified healthcare professionals for assignments of various lengths. (Declaration of Lisa Larson ("Larson Decl.") ¶ 3.) Many of the healthcare professionals that AMN places travel temporarily to different states to take on short term assignments at different healthcare facilities. (*Id.*)

7. AMN was at the time of the filing of this action, and still is, a limited liability company organized under the laws of the State of North Carolina, having its principal place of business in California. (Larson Decl. ¶ 2.) As a result, AMN is a citizen of North Carolina and California. *See* 28 U.S.C. § 1332(c) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.")

8. Plaintiff Verna Clarke alleges that she is a resident of the State of Georgia. (Compl. ¶ 2.)

9. Plaintiff styles the complaint as a class action on behalf of "All non-exempt hourly employees employed by NurseChoice in California from September 11, 2013 through the date of class certification whose employment was governed by a Professional Services Agreement that provided for Per Diem Adjustments based on the number of shifts missed" ("the putative class"). (Comp. ¶ 19.)

10. The Complaint alleges that "[w]hile the precise number of members of the class has not been determined at this time, Plaintiff is informed and believes that the class contains in excess of 100 individuals." (Compl. ¶ 22). AMN's records reflect that the size of the putative class between September 11, 2013 and May 27, 2016 is approximately 1,329.[1] (Larson Decl. ¶ 4.)

---

[1] The putative class consist of members employed by AMN in California for the period of September 11, 2013 through the date of class certification. (Compl. ¶ 19.)

11.     Of the 1,329 putative class members, 1,148 reported to AMN that they reside outside of California. (Larson Decl. ¶ 5.) Thus, only approximately 14% of the members of the putative class are citizens of California. (*Id.*)

12.     The Complaint also names as defendants "DOES 1 to 10." Does 1 to 10 are fictitious defendants who are not parties to this action, are not required to join in a removal petition, and must be disregarded for removal purposes. *See* 28 U.S.C. §§ 1441(a) and 1447(e); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("citizenship of fictitious defendants is disregarded for removal purposes"); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

13.     *Amount in Controversy*. The claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6). Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. REP. 109-14, at 42. Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class action in state or federal court should be resolved in favor of federal jurisdiction. S. REP. 109-14, at 42 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case . . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly,

---

Since the date of class certification cannot presently be known, the number of putative class members is calculated from September 11, 2013 through May 27, 2016 (i.e. the week prior to filing of this Notice of Removal). Thus, the estimated number of putative class members understates the actual number of putative class members, which will include putative class members for the period from the filing of this removal through the date of class certification.

1 with a strong preference that interstate class actions should be heard in a federal
2 court if properly removed by any defendants.")

3     14.    Where, as here, the Complaint does not specify the amount of
4 damages sought, the "removing defendant must prove by a preponderance of the
5 evidence that the amount in controversy requirement has been met." *Abrego v.*
6 *Dow Chemical Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006) (*citing Gaus v. Miles*,
7 980 F.2d 564, 566 (9th Cir. 1992)). Where a statutory maximum is specified,
8 courts may consider the maximum statutory penalty available in determining
9 whether the jurisdictional amount in controversy requirement is met. *Coleman v.*
10 *Estes Express Lines Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010), *citing Korn*
11 *v. Polo Ralph Lauren, Inc.,* 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *Chabner*
12 *v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n. 3 (9th Cir. 2000). AMN
13 denies that Plaintiff is entitled to take anything by the Complaint, either on her own
14 behalf or on behalf of the putative class. Nevertheless, the amount in controversy is
15 dictated by the extent of Plaintiff's claims, not their merits. *See Roth v. Comerica*
16 *Bank.*, 799 F. Supp. 2d 1107, 1117 (C.D. Cal. 2010) ("The ultimate inquiry is what
17 amount is 'put in controversy' by the plaintiff's complaint, not what a defendant
18 will actually owe.") *quoting Korn, supra*, 536 F. Supp. 2d at 1205.

19     15.    Plaintiff alleges multiple causes of action and seeks a variety of
20 potential remedies, including: (1) failure to pay overtime compensation (*Id.* ¶¶ 29-
21 33); (2) failure to furnish accurate wage statements (*Id.* ¶¶ 34-38); (3) unfair
22 business practices (*Id.* ¶¶ 39-45); and (4) waiting time penalties (*Id.* ¶¶ 46-51).
23 Plaintiff alleges that her claims are typical of the claims of the Purported Class
24 Members. (*Id.* ¶¶ 24-25.)

25     16.    Although AMN denies all liability, it is evident on the face of the
26 Complaint that the alleged amount in controversy herein exceeds $5,000,000 in the
27 aggregate. Indeed, as described below, the amount in controversy could be at least
28 **$13,115,302.**

1   17.   *Overtime.* Plaintiff seeks unpaid overtime wages pursuant to
2   California Labor Code §§ 510 and 1194. Specifically, Plaintiff alleges that AMN
3   did not include the per diem benefits provided to putative class members in their
4   regular rate of pay for the purposes of calculating the premium rate of pay for
5   hours worked greater than eight and twelve in a day. (Compl. ¶ 32.)
6   18.   The 1,329 putative class members employed by AMN since
7   September 11, 2013 worked a total of 2,339 assignments, which were on average
8   9.17 weeks long. (Larson Decl. ¶ 4.) The average regular rate paid to putative class
9   members was $38.53 per hour, and, thus, the average overtime rate paid to putative
10  class members was $57.80 per hour ($38.53 x 1.5). (*Id.*) Putative class members
11  worked on average 39.08 non-overtime hours and 9.96 overtime hours per week,
12  for a total of 49.04 hours per week. (*Id.*) The average value of per diem benefits
13  received by putative class members per week was $496.79. (*Id.*)
14  19.   California Labor Code § 510 provides that work in excess of eight
15  hours per day and/or 40 hours per week and/or for the first eight hours of the
16  seventh day of work should be compensated at no less than one and one-half (1.5)
17  times the regular rate of pay for the employee. California Labor Code § 510
18  provides that work in excess of twelve hours per day should be compensated at no
19  less that two (2) times the regular rate of pay for the employee. Plaintiff does not
20  allege how many overtime hours putative class members were not compensated for
21  at the statutorily required premium rate. Thus, if each putative class member
22  worked on average 39.08 regular hours per week and received $496.79 per week in
23  per diem benefits, the value of per diem benefits that putative class members
24  received per hour was $12.71 ($496.79 per diem/week / 39.08 hours/week). Thus,
25  per Plaintiff's allegations, putative class members' adjusted regular rate of pay was
26  $51.24 ($38.53 + $12.71), and the adjusted overtime rate of pay should have been
27  $76.86 ($51.24 x 1.5). The difference between what Plaintiff alleges the overtime
28  rate of pay should have been and the overtime rate that was actually paid is $19.06

6
NOTICE OF REMOVAL

per hour ($76.86 – $57.80). Putative class members worked a total of 213,637.5 overtime hours. Therefore, under Plaintiff's theory of the case, the potential amount in controversy as to this claim is: $**4,071,930.75** (213,637.5 x $19.06).

20. *Wage Statements.* Plaintiff seeks statutory penalties for AMN's alleged failure to provide accurate wage statements in violation of California Labor Code § 226. (Compl. ¶¶ 34-38.) Plaintiff alleges that AMN failed "to furnish employees with wage statements showing the correct overtime and double time rates [which] is a knowing and intentional violation of Labor Code section 226(a)(9)." (Compl. ¶ 34.)

21. Under Section 226(e), an injured employee can recover actual damages or penalties of $50 for the initial pay period in which a violation occurs and $100 for each violation in a subsequent period (up to an aggregate penalty of $4,000) for a knowing and intentional violation. Cal. Labor Code § 226(e).

22. The statute of limitations for failure to provide accurate wage statements is one year.[2] (Cal. Code Civ. Proc. § 340(a).) Putative class members held 1,106 assignments between May 27, 2015 and May 27, 2016. (Larson Decl. ¶ 6.) Assuming these assignments were 9.17 weeks long on average, and that putative class members were paid weekly, there were approximately 11,060 (1,106 x 10 pay periods per assignment) wage statements issued to putative class members between May 27, 2015 to May 27, 2016. (*Id.*)

23. Assuming that each of the 11,060 wage statements contained inaccuracies, penalties would total **$1,050,700** (i.e. $55,300 (1,106 initial violations x $50) + $995,400 (9,954 subsequent violations x $100)).

/ / /

---

[2] Because the alleged class period is continuing through the date of class certification, AMN assumes for the purposes of this removal that the number of assignments worked and the number of wage statements issued during the year prior to the filing of this removal (May 27, 2015 through May 27, 2016) are roughly equivalent to the number of assignments that will be worked and the number of wage statements that will be issued during the year prior to the potential date of class certification.

24. *Waiting time penalties.* Plaintiff seeks statutory waiting time penalties pursuant to California Labor Code §§ 201-203 because AMN allegedly failed to pay "all wages owing at the time of termination of employment because [plaintiff and the putative class members] were never paid the correct overtime rates of pay." (Compl. ¶ 50.)

25. The statute of limitations for Plaintiff's claim under California Labor Code § 203 is generally three years based on a claim of unpaid wages. *See* Cal. Labor Code § 203 and Cal. Civ. Proc. Code § 338. Under Section 203, terminated employees who are not paid all wages owed at the time of separation from employment may recover a penalty that is equal to their daily wage up to a maximum of 30 days. Cal. Labor Code § 203. Between September 11, 2013 and May 27, 2016,[3] approximately 326 assignments ended when a putative class member either quit or was terminated. Assuming these putative class members worked on average 9.81 hours a day (49.04 hours per week/5 work days), the average daily wage would be $549.04 ($51.24 adjusted regular rate x 8 regular hours plus $76.86 adjusted overtime rate x 1.81 overtime hours). Assuming each of the 326 putative class members could recover the maximum waiting time penalty of 30 days of wages ($16,471.20 (i.e. $549.04 x 30 days)), the total amount in controversy for this claim would be **$5,369,611.20** (i.e. $16,471.20 x 326 putative class members).

26. *Attorneys' Fees.* Plaintiff seeks attorneys' fees in connection with her claims, as set forth more fully above. (*See* Compl. Prayer for Relief ¶¶ 7, 10, 14.) Even though Plaintiff's potential recovery on her class claims is more than enough to meet CAFA's amount in controversy requirement, AMN is also permitted to include Plaintiff's potential recovery of attorneys' fees to show that the amount in

---

[3] As the potential class certification date cannot be known at this time, AMN bases its calculations on the number of putative class members who worked from September 11, 2013 through May 27, 2016. As this period is only about two years and 8 ½ months, the number of putative class members and violations for the three-year period prior to class certification will presumably be even larger.

controversy has been met. Where a plaintiff seeks to recover attorneys' fees provided for by statute, these fees are included in the amount in controversy to reach CAFA's $5,000,000 minimum. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Assuming Plaintiff can recover on her claims, she would most likely assert entitlement to attorneys' fees of at least 25% of the total recovery. Indeed, it is well established in the Ninth Circuit that the benchmark for setting attorneys' fees in the class action context is 25% of the common fund. *See Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990); *Salcido v. Evolution Fresh, Inc.*, 2016 WL 79381 * 8 (C.D. Cal. Jan. 6, 2016); *Ontiveros v. Zamora*, 303 F.R.D. 356, 363 (E.D. Cal. 2014). Based on the above estimated amounts in controversy for Plaintiff's claims, which total $10,541,141.95 ($4,071,930.75 (OT), $1,050,700 (wage statements), $5,369,611.20 (waiting time penalties)), Plaintiff's expected recovery in attorneys' fees would be approximately $**2,623,060.49**.

27. **Venue.** Venue lies in this Court pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(c)(2). This action was originally brought in the Superior Court of the State of California, County of Los Angeles, which is located within the Central District of California. (*See* Kroll-Rosenbaum Decl., Ex. A.) Therefore, the action is properly removed to this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

28. **Notice of Removal**. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles, as required by 28 U.S.C. § 1446(d).

29. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all state court "process, pleadings, and orders" are attached as Exhibits A and B to the Declaration of Sarah Kroll-Rosenbaum.

/ / /

/ / /

9
NOTICE OF REMOVAL

|   |   |
|---|---|
| 1 | **WHEREFORE**, AMN requests that the above action pending before the |
| 2 | Superior Court of the State of California for the County of Los Angeles be |
| 3 | removed to the United States District Court for the Central District of California. |

DATED: June 10, 2016            Constangy, Brooks, Smith & Prophete, LLP

By: /s/Sarah Kroll-Rosenbaum
Sarah Kroll-Rosenbaum
Attorneys for Defendant
AMN Services, LLC