1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNA MAXWELL CLARKE, an individual on behalf of herself and others similarly situated,<br><br>       Plaintiff,<br><br>       v.<br><br>AMN SERVICES, LLC dba NURSECHOICE; and DOES 1 to 10 inclusive,<br><br>       Defendants. | Case No. 2:16-cv-4132-DSF-KS<br><br>**[PROPOSED] ORDER RE. STIPULATION AND PROTECTIVE ORDER**<br><br>District Judge:<br>  Hon. Dale S. Fischer, Ctrm. 840<br>Magistrate Judge:<br>  Hon. Karen L. Stevenson, Ctrm E, 9th Fl. |

**Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Proposed Stipulation and Protective Order ("Stipulation") filed on September 8, 2016, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been modified by the Court's amendment of paragraph 3 of the Stipulation.**

# AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

## 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

This action is likely to involve customer and pricing lists and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected

---

[1] The Court's additions to the agreed terms of the Protective Order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the text being deleted.

1   from disclosure under state or federal statutes, court rules, case decisions, or common

2   law. Accordingly, to expedite the flow of information, to facilitate the prompt

3   resolution of disputes over confidentiality of discovery materials, to adequately

4   protect information the parties are entitled to keep confidential, to ensure that the

5   parties are permitted reasonable necessary uses of such material in preparation for and

6   in the conduct of trial, to address their handling at the end of the litigation, and serve

7   the ends of justice, there is good cause for a protective order for such information. It is

8   the intent of the parties that information will not be designated as confidential for

9   tactical reasons and that nothing be so designated without a good faith belief that it

10  has been maintained in a confidential, non-public manner, and there is good cause

11  why it should not be part of the public record of this case.

12  2.      DEFINITIONS

13          2.1     Party: any party to this action, including all of its officers, directors,

14  employees, consultants, retained experts, and Outside Counsel of Record and their

15  support staff.

16          2.2     Non-Party: any natural person, partnership, corporation, association, or

17  other legal entity not named as a Party to this action.

18          2.3     Outside Counsel of Record: attorneys who are not employees of a party

19  to this action but are retained to represent or advise a party to this action and have

20  appeared in this action on behalf of that party or are affiliated with a law firm which

21  has appeared on behalf of a party.

22          2.4     In-House Counsel: attorneys who are employees of a party to this action.

23  In-House Counsel does not include Outside Counsel of Record or any other kind of

24  counsel.

25          2.5     Counsel (without qualifier): Outside Counsel of Record and In-House

26  Counsel (as well as their support staff).

27          2.6     Disclosure or Discovery Material: all items or information, regardless of

28  the medium or manner in which they are generated, stored, or maintained (including,

1  among other things, testimony, transcripts, and tangible things), that are produced or

2  generated in disclosures or responses to discovery in this matter.

3      2.7  "CONFIDENTIAL" Information or Items: information (regardless of

4  how it is generated, stored, or maintained) or tangible things that qualify for protection

5  under Federal Rule of Civil Procedure 26(c), including confidential, proprietary,

6  commercial information pertaining to the operation of Defendant's business.

7      2.8  Protected Material: any Disclosure or Discovery Material that is

8  designated as "CONFIDENTIAL."

9      2.9  Producing Party: a Party or Non-Party that produces Disclosures or

10  Discovery Material in this action.

11      2.10  Receiving Party: a Party that receives Disclosure of Discovery Material

12  from a Producing Party.

13      2.11  Designating Party: a Party or Non-Party that designates information or

14  items that it produces in response to discovery as "CONFIDENTIAL."

15      2.12  Challenging Party: a Party or Non-Party that challenges the designation

16  of information or items as "CONFIDENTIAL" under this Order.

17      2.13  Expert: a person with specialized knowledge or experience in a manner

18  pertinent to the litigation who has been retained by a Party or its counsel to serve as an

19  expert witness or as a consultant in this action.

20      2.14  Professional Vendors: persons or entities that provide litigation support

21  services (e.g., photocopying, videotaping, translating, preparing exhibits or

22  demonstrations, and organizing, storing, or retrieving data in any form or medium)

23  and their employees and subcontractors.

24  3.  SCOPE

25      The protections conferred by this Stipulation and Protective Order cover not

26  only Protected Material (as defined above), but also (1) any information copied or

27  extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations

28  of Protected Material; and (3) any testimony, conversations, or presentations by

-4-

1   Parties or their Counsel that might reveal Protected Material. However, the protections

2   conferred by this Stipulation and Order do not cover the following information: (a)

3   any information that is in the public domain at the time of disclosure to a Receiving

4   Party or that becomes part of the public domain after its disclosure to a Receiving

5   Party as a result of publication not involving a violation of this Order, including

6   becoming part of the public record through trial or otherwise; and (b) any information

7   known to the Receiving Party prior to the disclosure or obtained by the Receiving

8   Party after the disclosure from a source who obtained the information lawfully and

9   under no obligation to confidentiality to the Designating Party.  **This Order does not**

10  **govern the use of Protected Material at trial.**  ~~Any use of Protected Material at trial~~

11  ~~shall be governed by a separate agreement or order.~~

12  4.      DURATION

13          Even after final disposition of this litigation, the confidentiality obligations

14  imposed by this Order shall remain in effect until a Designating Party agrees

15  otherwise in writing or a court order otherwise directs. Final disposition shall be

16  deemed to be the later of (1) dismissal of all claims and defenses in this action, with or

17  without prejudice; and (2) final judgment herein after the completion and exhaustion

18  or all appeals, rehearings, remands, trials, or reviews of this action, including the time

19  limits for filing any motions or applications for extension of time pursuant to

20  applicable law.

21  5.      DESIGNATING PROTECTED MATERIAL

22          5.1     Exercise of Restraint and Care in Designating Material for Protection.

23  Each Party or Non-Party that designates information or items for protection under this

24  Order must take care to limit any such designation to specific material that qualifies

25  under the appropriate standards. The Designating Party must designate for protection

26  only those parts of materials, documents, items, or oral or written communications

27  that qualify, so that other portions of the materials, documents, items, or

28

1    communications for which protection is not warranted are not swept unjustifiably

2    within the ambit of this Order.

3           Mass, indiscriminate, or routinized designations are prohibited. Designations

4    that are shown to be clearly unjustified or that have been made for an improper

5    purpose (e.g., to unnecessarily encumber or retard the case development process or to

6    impose unnecessary expenses and burdens on other parties) expose the Designating

7    Party to sanctions.

8           If it comes to a Designating Party's attention that information or items that it

9    designated for protection do not qualify for protection, that Designating Party must

10   promptly notify all other Parties that it is withdrawing the mistaken designation.

11          5.2    Manner and Timing of Designations. Except as otherwise provided in

12   this Order (see, e.g., second paragraph of section 5.2(a) below), or otherwise

13   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

14   under this Order must be clearly so designated before the material is disclosed or

15   produced.

16          Designation in conformity with this Order requires:

17          (a) for information in documentary form (e.g., paper or electronic

18   documents, but excluding transcripts of depositions or other pretrial proceedings), that

19   the Producing Party affix the legend "CONFIDENTIAL" to each page that contains

20   protected material.

21          A Party or Non-Party that makes original documents or materials available for

22   inspection need not designate them for protection until after the inspecting Party has

23   indicated which material it would like copied and produced. During the inspection and

24   before the designation, all materials made available for inspection shall be deemed

25   "CONFIDENTIAL." After the inspecting Party has identified the documents it wants

26   copied and produced, the Producing Party must determine which documents, or

27   portions thereof, qualify for protection under this Order. Then, before producing the

28

specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the Record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party shall identify the Protected Portion(s) to the extent practical.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of the designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to

1   confidentiality is being made in accordance with this specific paragraph of the

2   Protective Order. The parties shall attempt to resolve each challenge in good faith and

3   must begin the process by conferring directly (either telephonically or in person)

4   within 14 days of the date of service of notice. In conferring, the Challenging Party

5   must explain the basis for its belief that the confidentiality designation was not proper

6   and must give the Designating Party an opportunity to review the designated material,

7   to reconsider the circumstances, and if no change in designation is offered, to explain

8   the basis for the chosen designation. A Challenging Party may proceed to the next

9   stage of the challenge process only if it has engaged in this meet and confer process

10  first or establishes that the Designating Party is unwilling to participate in the meet

11  and confer process in a timely manner.

12        6.3    Judicial Intervention. If the Parties cannot resolve a challenge without

13  court intervention, the Designating Party shall file and serve a motion to retain

14  confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-

15  5 if applicable) within 21 days of the initial notice of challenge or within 14 days of

16  the parties agreeing that the meet and confer process will not resolve their dispute,

17  whichever is earlier. Each such motion must be accompanied by a competent

18  declaration affirming that the movant has complied with the meet and confer

19  requirements imposed in the preceding paragraph. Failure by the Designating Party to

20  make such a motion including the required declaration within 21 days (or 14 days, if

21  applicable) shall automatically waive the confidentiality designation for each

22  challenged designation. In addition, the Challenging Party may file a motion

23  challenging a confidentiality designation at any time if there is good cause for doing

24  so, including a challenge to the designation of a deposition transcript or any portions

25  thereof. Any motion brought pursuant to this provision must be accompanied by a

26  competent declaration affirming that the movant has complied with the meet and

27  confer requirements imposed by the preceding paragraph.

28

1    The burden of persuasion in any such challenge proceeding shall be on the

2 Designating Party. Frivolous challenges, and those made for improper purpose (e.g.,

3 to harass or impose unnecessary expenses and burdens on other parties) may expose

4 the Challenging Party to sanctions. Unless the Designating Party has waived the

5 confidentiality designation by failing to file a motion to retain confidentiality as

6 described above, all parties shall continue to afford the materials in question the level

7 of protection to which it is entitled under the Producing Party's designation until the

8 court rules on the challenge.

9 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

10    7.1    Basic Principles. A Receiving Party may use Protected Material that is

11 disclosed or produced by another Party or by a Non-Party in connection with this case

12 only for prosecuting, defending, or attempting to settle this litigation. Such Protected

13 Material may be disclosed only to the categories of persons and under the conditions

14 described in this Order. When the litigation has been terminated, a Receiving Party

15 must comply with the provisions of section 13 below.

16    Protected Material must be stored and maintained by a Receiving Party at a

17 location and in a secure manner that ensures that access is limited to the persons

18 authorized under this Order.

19    7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless

20 otherwise ordered by the court or permitted in writing by the Designating Party, a

21 Receiving Party may disclose any information or item designated "CONFIDENTIAL"

22 only to:

23    (a) the Receiving Party's Outside Counsel of Record to this action, as

24 well as employees of said Outside Counsel of Record to whom it is reasonably

25 necessary to disclose the information for this litigation and who have signed the

26 "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

27    (b) the officers, directors, and employees (including In-House Counsel)

28 of the Receiving Party to whom disclosure is reasonably necessary for this litigation

1   and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

2   A);

3            (c) Experts (as defined in this Order) of the Receiving Party to whom

4   disclosure is reasonably necessary for this litigation and who have signed the

5   "Acknowledgement and Agreement to Be Bound" (Exhibit A);

6            (d) the court and its personnel;

7            (e) court reporters and their staff, professional jury or trial consultants,

8   mock jurors, and Professional Vendors to whom disclosure is reasonably necessary

9   for this litigation and who have signed the "Acknowledgment and Agreement to Be

10  Bound" (Exhibit A);

11           (f) during their depositions, witnesses in this action to whom disclosure is

12  reasonably necessary and who have signed the "Acknowledgment and Agreement to

13  Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered

14  by the court. Pages of transcribed deposition testimony or exhibits to depositions that

15  reveal Protected Material must be separately bound by the court reporter and may not

16  be disclosed to anyone except as permitted under this Stipulated Protective Order.

17           (g) the author or recipient of a document containing the information or a

18  custodian or other person who otherwise possessed or knew the information.

19  8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

20          OTHER LITIGATION

21       If a Party is served with a subpoena or a court order issued in other litigation

22  that compels disclosure of any information or items designated in this action as

23  "CONFIDENTIAL," that Party must:

24           (a) promptly notify in writing the Designating Party. Such notification

25  shall include a copy of the subpoena or court order;

26           (b) promptly notify in writing the party who caused the subpoena or order

27  to issue in the other litigation that some or all of the material covered by the subpoena

28

[PROPOSED] ORDER RE. STIPULATION AND PROTECTIVE ORDER; Case No. 2:16-cv-04132-DSF-KS

1    or order is subject to this Protective Order. Such notification shall include a copy of

2    this Stipulated Protective Order; and

3              (c) cooperate with respect to all reasonable procedures sought to be

4    pursued by the Designating Party whose Protected Material may be affected.

5         If the Designating Party timely seeks a protective order, the Party served with

6    the subpoena or court order shall not produce any information designated in this

7    action as "CONFIDENTIAL" before a determination by the court from which the

8    subpoena or order issued, unless the Party has obtained the Designating Party's

9    express, written permission. The Designating Party shall bear the burden and expense

10   of seeking protection in that court of its confidential material – and nothing in these

11   provisions should be construed as authorizing or encouraging a Receiving Party in this

12   action to disobey a lawful directive from another court.

13   9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED

14         IN THIS LITIGATION

15             (a) The terms of this Order are applicable to information produced by a

16   Non-Party in this action and designated as "CONFIDENTIAL." Such information

17   produced by Non-Parties in connection with this litigation is protected by the

18   remedies and relief provided by this Order. Nothing in these provisions should be

19   construed as prohibiting a Non-Party from seeking additional protections.

20             (b) In the event that a Party is required, by a valid discovery request, to

21   produce a Non-Party's confidential information in its possession, and the party is

22   subject to an agreement with the Non-Party not to produce the Non-Party's

23   confidential information, then the Party shall:

24                 (1) promptly notify in writing the Requesting Party and the Non-

25   Party that some or all of the information requested is subject to a confidentiality

26   agreement with a Non-Party;

27

28

-11-

1    (2) promptly provide the Non-Party with a copy of the Stipulated

2  Protective Order in this litigation, the relevant discovery request(s), and a reasonably

3  specific description of the information requested; and

4    (3) make the information requested available for inspection by the

5  Non-Party.

6    (c) If the Non-Party fails to object or seek a protective order from this

7  court within 14 days of receiving the notice and accompanying information, the

8  Receiving Party may produce the Non-Party's confidential information responsive to

9  the discovery request. If the Non-Party timely seeks a protective order, the Receiving

10  Party shall not produce any information in its possession or control that is subject to

11  the confidentiality agreement with the Non-Party before a determination by the court.[2]

12  Absent a court order to the contrary, the Non-Party shall bear the burden and expense

13  of seeking protection in this court of its Protected Material.

14  10    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

15    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

16  Protected Material to any person or in any circumstance not authorized under this

17  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

18  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

19  to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

20  persons to whom unauthorized disclosures were made of all the terms of this Order,

21  and (d) request such person or persons to execute the "Acknowledgment and

22  Agreement to Be Bound" that is attached hereto as Exhibit A.

23

24

25

26

---

27  [2] The purpose of this provision is to alert the interested parties to the existence of confidentiality
rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality

28  interests in this court.

[PROPOSED] ORDER RE. STIPULATION AND PROTECTIVE ORDER; Case No. 2:16-cv-04132-DSF-KS

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
      PROTECTED MATERIAL

      When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   MISCELLANEOUS

      12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

      12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground the use in evidence of any of the material covered by this Protective Order.

      12.3   Filing Protected Material. If a Receiving Party wishes to file Protected Material with the Court, the Receiving Party must give any Designating Party five calendar days notice of intent to file.  If the Designating Party objects, the Designating Party shall notify the Receiving Party and file an application to file documents under seal within two (2) court days. An application to file documents under seal must meet the requirements of Local Rule 79-5.  If the Court grants an application to file documents under seal, the Court's mandatory chambers copies must include a complete version of the documents with an appropriate notation identifying the

-13-

1  document or the portion of the document that has been filed under seal. If a

2  Designating Party fails to timely file an application to file the Protected Material

3  under seal or the request to file Protected Material under seal is denied by the court,

4  then the Receiving Party may file the information in the public record unless

5  otherwise instructed by the court.

6  13.    FINAL DISPOSITION

7         Within 60 days after the final disposition of this action, as defined in Section 4,

8  each Receiving Party must return all Protected Material to the Producing Party or

9  destroy such material. As used in this subdivision, "all Protected Material" includes

10 all copies, abstracts, compilations, summaries, and any other format reproducing or

11 capturing any of the Protected Material. Whether the Protected Material is returned or

12 destroyed, the Receiving Party must submit a written certification to the Producing

13 Party (and, if not the same person or entity, to the Designating Party) by the 60 day

14 deadline that (a) identifies (by category, where appropriate) all of the Protected

15 Material that was returned or destroyed and (2) affirms that the Receiving Party has

16 not retained any copies, abstracts, compilations, summaries, or any other format

17 reproducing or capturing any of the Protected Material. Notwithstanding this

18 provision, Counsel are entitled to retain an archival copy of all pleadings, motion

19 papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

20 deposition and trial exhibits, expert reports, attorney work product, and consultant and

21 expert work product, even if such materials contain Protected Material. Any such

22 archival copies that contain or constitute Protected Material remain subject to this

23 Protective Order as set forth in Section 4.

24

25         IT IS SO ORDERED

26
   DATED: September 9, 2016                    _____
27                                             KAREN L. STEVENSON
                                               UNITED STATES MAGISTRATE JUDGE
28

-14-

1    EXHIBIT A

2    ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3    I, _____ [print or type full name], of _____

4    _____ [print or type full address], declare under penalty of

5    perjury that I have read in its entirety and understand the Stipulated Protective

6    Order that was issued by the United States Court for the Central District of

7    California on [date] in the case of *Clarke v. AMN Services, LLC*, Case No.

8    2:16-cv-04132-DSF-KS. I agree to comply with and to be bound by all the

9    terms of this Stipulated Protective Order and I understand and acknowledge

10   that failure to so comply could expose me to sanctions and punishment in the

11   nature of contempt. I solemnly promise that I will not disclose in any manner

12   any information or item that is subject to this Stipulated Protective Order to

13   any person or entity except in strict compliance with the provision of this

14   Order.

15   I further agree to submit to the jurisdiction of the United States District

16   Court for the Central District of California for the purpose of enforcing the

17   terms of this Stipulated Protective Order, even if such enforcement proceedings

18   occur after termination of this action.

19   I hereby appoint _____ [print or type full name] of ____

20   _____ [print or type full address and telephone

21   number] as my California agent for service of process in connection with this

22   action or any proceedings related to enforcement of this Stipulated Protective

23   Order.

24   Date: _____

25   City and State where sworn and signed: _____

26   Printed name: _____

27   Signature: _____

28   4122597v.1

[PROPOSED] ORDER RE. STIPULATION AND PROTECTIVE ORDER; Case No. 2:16-cv-04132-DSF-KS