HAYES PAWLENKO LLP
MATTHEW B. HAYES (SBN 220639)
mhayes@helpcounsel.com
KYE D. PAWLENKO (SBN 221475)
kpawlenko@helpcounsel.com
595 E. COLORADO BLVD., SUITE 303
PASADENA, CA 91101
(626) 808-4357; FAX (626) 921-4932

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNA MAXWELL CLARKE and LAURA WITTMANN, individuals on behalf of themselves and others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>AMN SERVICES, LLC; and DOES 1 to 10 inclusive,<br><br>                    Defendants.<br>_____ | Case No.: 2:16-cv-04132-DSF-KS<br><br>COLLECTIVE AND CLASS ACTION<br><br>THIRD AMENDED CLASS ACTION COMPLAINT FOR:<br><br>1. Failure to Pay Overtime Wages (Cal. Labor Code §§ 510, 1194)<br>2. Failure to Furnish Accurate Itemized Wage Statements (Cal. Labor Code § 226)<br>3. Unfair Business Practices (Cal. Business & Professions Code § 17200, et seq.)<br>4. Waiting Time Penalties (Cal. Labor Code § 203)<br>5. Civil Penalties (Cal. Labor Code § 2698, et seq.)<br>6. Violations of the Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*)<br><br>AND DEMAND FOR JURY TRIAL |

THIRD AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff VERNA MAXWELL CLARKE and LAURA WITTMANN ("Plaintiffs"), on behalf of themselves and all others similarly situated, allege as follows:

## NATURE OF THE ACTION

1.      This is a California-wide class action and nationwide FLSA collective action against AMN SERVICES, LLC ("AMN") for (1) failing to include the value of per diem benefits, including meals, incidentals, and lodging, whether paid in cash or in kind, in the regular rate of pay when calculating overtime wages, (2) failing to furnish accurate itemized wage statements, and (3) failing to pay all wages owing at the termination of employment.

## JURISDICTION

2.      The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), authorizes private rights of action to recover damages for violations of the FLSA's wage and hour provisions.  This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

3.      This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367 because they are so related to this action that they form part of the same case or controversy under Article III of the United States Constitution.

THIRD AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

4.      This Court also has original jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2) because the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs, the action is a class action in which at least one class member is a citizen of a state different from that of a Defendant, and fewer that two-thirds of the members of the putative class, in aggregate, are citizens of California.   In addition, the number of putative class members is greater than 100.

## VENUE

5.      This action may be brought in this judicial district pursuant to 28 U.S.C. § 1391 because AMN resides, for venue purposes, in this judicial district.

## PARTIES

6.      Plaintiff Verna Maxwell Clark is a resident of Georgia who was employed as a non-exempt hourly employee of AMN in Los Angeles County from January 2016 to April 2016.

7.      Plaintiff Laura Wittmann is a resident of North Carolina who was employed as a non-exempt hourly employee of AMN is Vallejo, California from December 2014 to March 2015.

8.      AMN is a North Carolina limited liability company with its headquarters and principal place of business in California.   AMN uses various "Doing Business As" names (DBAs).   The allegations herein apply to all

THIRD AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

employees of AMN regardless of the DBA name used by AMN.

9.    Plaintiffs are currently unaware of the true names and capacities of the defendants sued by the fictitious names DOES 1 through 10, inclusive, and, therefore, sue those defendants by fictitious names.    Plaintiffs allege on information and belief that each of the DOE defendants is responsible or liable in some manner for the conduct alleged in the complaint and that Plaintiffs' damages as herein alleged were proximately caused by those DOE defendants.    Plaintiffs will amend this complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

10.    Plaintiffs allege on information and belief that, at all times herein mentioned, each of the defendants was the agent, servant and employee of each of the other defendants, and in connection with the conduct hereinafter alleged, was acting within the scope of such agency and employment, and each defendant ratified each and every act, omission and thing done by each and every other defendant named herein.

11.    Defendants AMN and DOES 1 through 10 will be referred to hereafter, collectively, as "Defendants."

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12.    AMN is a staffing company that employs health care professionals for short-term travel assignments, typically four to eight weeks in duration, at health

care providers throughout the United States.

13.     The terms and conditions of employment between AMN and its health care professionals are governed by a form "Professional Services Agreement."

14.     The Professional Services Agreement provides for a "Meals & Incidentals Per Diem" payment and the option of either a lodging per diem payment or company-provided housing.

15.     The Professional Services Agreement further provides for adjustments to per diem benefits based on the number of hours and/or shifts missed per week.

16.     The per diem adjustments apply to all per diem benefits, including meals, incidentals, and lodging, whether paid in cash or in kind.

17.     Pursuant to the company's per diem adjustment policy, when health care professionals do not work the minimum number of hours and/or shifts per week required of them by their Professional Services Agreement, AMN deducts from their pay a proportional amount of their per diem benefits based on the number of hours and/or shifts that they missed that week.

18.     The amount of per diem benefits is thus not based upon the actual expenses of meals, incidentals, and lodging incurred, but instead is based upon, and varies with, the number of weekly hours worked by health care professionals.

19.     Notwithstanding that the amount of per diem benefits is based upon, and varies with, the number of weekly hours worked by health care professionals,

THIRD AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

AMN does not include the value of per diem benefits, including meals, incidentals, and lodging, whether paid in cash or in kind, in the health care professionals' regular rates of pay for purposes of calculating overtime pay.

20.    Plaintiffs' employment with AMN was governed by Professional Services Agreements that provided for per diem adjustments to their per diem benefits, including meals, incidentals, and lodging, whether paid in cash or in kind, based on the number of hours and/or shifts missed per week.

21.    AMN did not include the value of Plaintiffs' per diem benefits, including meals, incidentals, and lodging, whether paid in cash or in kind, in Plaintiffs' regular rate of pay for purposes of calculating overtime pay.

22.    The wage statements that AMN furnishes to Plaintiffs and its other health care professionals do not accurately show the total hours worked, the number of hours worked at each hourly rate, and all hourly rates in effect during the pay period.   AMN knowingly and intentionally adopted a uniform wage statement format that contains no entry for total hours worked, inaccurately shows the number of hours worked at the regular rate, inaccurately includes overtime hours in the entry for "regular" hours, inaccurately shows overtime rates as half the regular rate, and inaccurately shows double time rates as the same as the regular rate.

/ / /

THIRD AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**REPRESENTED PARTIES UNDER FLSA COLLECTIVE ACTION**

23.    Plaintiffs bring the FLSA claim on behalf of themselves and all non-exempt hourly employees employed by AMN in California at any time since September 13, 2013 or outside California at any time since December 15, 2013 (regardless of the DBA name used by AMN) whose employment was governed by a Professional Services Agreement that provided for per diem adjustments based on the number of hours and/or shifts missed (hereafter "FLSA Class").

**CLASS ACTION ALLEGATIONS**

24.    Plaintiffs bring the California state law claims on behalf of themselves and all others similarly situated pursuant to Federal Rule of Civil Procedure 23. Plaintiffs seek to represent a California class composed of the following:

All non-exempt hourly employees employed by AMN in California (regardless of the DBA name used by AMN) from September 11, 2013 through the date of class certification whose employment was governed by a Professional Services Agreement that provided for per diem adjustments based on the number of hours and/or shifts missed.

25.    Plaintiffs reserve the right to amend or modify the class descriptions or establish additional subclasses as appropriate.

26.    This action has been brought and may properly be maintained as a

THIRD AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

class action under Rule 23 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable from Defendants' own records.

### A. Numerosity

27.    The potential members of the class as defined are so numerous that joinder of all the members of the class is impracticable.  While the precise number of members of the class has not been determined at this time, Plaintiffs are informed and believes that the class contains in excess of 100 individuals.

### B. Commonality

28.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  These common questions include, without limitation, (1) whether AMN included the value of per diem benefits, including meals, incidentals, and lodging, whether paid in cash or in kind, in class members' regular rates of pay for purposes of calculating overtime pay and (2) whether AMN issued wage statements that failed to accurately show total hours worked, all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate.

### C.    Typicality

29.    The class claims of the proposed class representatives are typical of the claims of each class member.

THIRD AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

30.     As with other members of the class, (1) AMN did not include the value of Plaintiffs' per diem benefits, including their meals, incidentals, and lodging, whether paid in cash or in kind, in Plaintiffs' regular rate of pay for purposes of calculating overtime pay and (2) Plaintiffs received wage statements that did not accurately show total hours worked, all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate.

**D.     Adequacy of Representation**

31.     Plaintiffs will fairly and adequately represent and protect the interests of the members of the class.  Counsel who represent Plaintiffs are competent and experienced in litigating employment class actions.

**E.     Superiority of Class Action**

32.     A class action is superior to other available means for the fair and efficient adjudication of the class claims.  Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class.  Each member of the class has been damaged and is entitled to recover by reason of Defendants' illegal common policies.

33.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the

THIRD AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

parties and the judicial system.  Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

### CLASS ACTION CLAIM FOR FAILURE TO PAY OVERTIME

### (LABOR CODE §§ 510, 1194)

34.    Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

35.    Labor Code section 510 requires an employer to provide premium overtime pay for all work in excess of 8 hours per day and 40 hours per week.

36.    Labor Code section 1194 entitles an employee receiving less than the legal overtime pay to recover, in a civil action, the unpaid balance of overtime wages owing, plus interest thereon, reasonable attorneys' fees, and costs of suit.

37.    As a result of Defendants' failure to include the value of per diem benefits, including meals, incidentals, and lodging, whether paid in cash or in kind, in employees' regular rates of pay for purposes of calculating overtime pay, Plaintiffs and other members of the class were not paid the correct premium overtime rates for all hours worked in excess of 8 hours per day and/or 40 hours per week.

THIRD AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

38.     Plaintiffs seek to recover, on behalf of themselves and other class members, payment of the overtime owing to them, plus penalties and interest, attorneys' fees and costs, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

## CLASS ACTION CLAIM FOR FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS

## (LABOR CODE § 226)

39.     Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

40.     California Labor Code section 226(a) provides, inter alia, that "[e]very employer shall … furnish each of his or her employees … an accurate itemized statement in writing showing … (2) total hours worked by the employee . . . and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

41.     In violation of Labor Code section 226(a), Defendants knowingly and intentionally furnished wage statements that did not include an entry for total hours worked, inaccurately showed the number of hours worked at the regular rate, inaccurately included overtime hours as "regular" hours, inaccurately showed the overtime rate as one-half the regular rate, and inaccurately showed the double time

THIRD AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

rate as the same as the regular rate.

42.     As a result of Defendants' failure to comply with Labor Code section 226 subdivisions (a)(2) and (a)(9), Plaintiffs and other class members have suffered injury insofar as they cannot promptly and easily determine from the wage statement alone the total hours worked, all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate.

43.     Plaintiffs seek to recover, on behalf of themselves and other members of the class, the penalty provided by Labor Code section 226(e) for Defendants' knowing and intentional failure to comply with Labor Code section 226 subdivisions (a)(2) and (a)(9), plus reasonable attorneys' fees and costs.

## THIRD CAUSE OF ACTION

## CLASS ACTION CLAIM FOR UNFAIR BUSINESS PRACTICES

## (BUSINESS & PROFESSIONS CODE § 17200, et seq.)

44.     Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

45.     A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.

46.     Defendants' failure to pay Plaintiff and other class members the correct premium overtime rates for all hours worked in excess of 8 hours per day

THIRD AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

and/or 40 hours per week violates Business & Professions Code section 17200, et seq. by virtue of violating Labor Code section 510.

47.   Defendants' failure to furnish Plaintiff and other class members with wage statements accurately showing total hours worked, all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate violates Business & Professions Code section 17200, et seq. by virtue of violating Labor Code section 226(a).

48.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiffs, the other class members, and the general public.   Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

49.   Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

50.   Pursuant to California Business & Professions Code section 17200, et seq., Plaintiffs and other class members are entitled to an accounting for and restitution of the wages unlawfully withheld and retained by Defendants during the class period, an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws, and an award of costs.

THIRD AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## **FOURTH CAUSE OF ACTION**

### **CLASS ACTION CLAIM FOR WAITING TIME PENALTIES**

### **(LABOR CODE §§ 201, 202, 203)**

51.    Plaintiffs reallege and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

52.    Labor Code sections 201 and 202 require an employer to promptly pay all wages owing to an employee at the conclusion of employment.

53.    Plaintiffs and some other members of the class are no longer employed by Defendants.  They were either fired or quit.

54.    Throughout the class period, Plaintiffs and other class members who are former employees of Defendants were not timely paid all wages owing at the time of termination of employment because they were not paid the correct overtime rates of pay.

55.    Defendants' failure to pay Plaintiffs and other class members who are former employees of Defendants all wages owing, as alleged above, was willful, as Defendants intentionally failed to include the value of per diem benefits, including meals, incidentals, and lodging, whether paid in cash or in kind, in their regular rates of pay for purposes of calculating overtime pay.

THIRD AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

56.     Plaintiffs and other class members who are former employees of Defendants are therefore entitled to penalties, in an amount to be determined at trial, pursuant to Labor Code section 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

## FIFTH CAUSE OF ACTION

## REPRESENTATIVE CLAIM FOR CIVIL PENALTIES

## (LABOR CODE § 2698, ET SEQ.)

57.     Plaintiffs reallege and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

58.     As alleged above, in violation of Labor Code section 510, Defendants did not include the value of Plaintiffs' and other aggrieved employees' per diem benefits, including meals, incidentals, and lodging, whether paid in cash or in kind, the regular rate of pay for purposes of calculating overtime.

59.     As alleged above, in violation of Labor Code section 226, Defendants failed to furnish Plaintiffs and other aggrieved employees with wage statement showing the correct overtime and double time rates.

60.     As alleged above, in violation of Labor Code sections 201 and 202, Defendants did not timely pay all wages owing to Plaintiffs and other aggrieved

THIRD AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

employees at the time of their termination of employment because it never paid them the correct overtime rates of pay.

61.     Pursuant to California Labor Code section 2698, et seq., Plaintiffs seek to assess and collect the civil penalties owing for the above-referenced Labor Code violations against Plaintiffs and all other aggrieved employees, as well as the unpaid wages recoverable for all aggrieved employees as a civil penalty under Labor Code section 558.

62.     In accordance with California Labor Code section 2699.3, on May 6, 2016, Plaintiffs' counsel sent a letter, via certified mail, to Defendants and the California Labor & Workforce Development Agency ("LWDA") setting forth the provisions of the Labor Code alleged to have been violated and the facts and theories supporting the alleged violations ("PAGA Notice").

63.     The LWDA did not provide any notice of an intention to investigate the alleged Labor Code violations and more than 33 days have passed since the mailing of the PAGA notice, thereby authorizing Plaintiff to commence a civil action pursuant to Labor Code section 2699.

## SIXTH CAUSE OF ACTION

## COLLECTIVE ACTION CLAIM FOR VIOLATION OF THE FLSA

## (29 U.S.C. §§ 207, 216)

64.     Plaintiffs reallege and incorporate herein by reference each and every

THIRD AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

65.    At all relevant times, AMN was an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203 and grossed more than $500,000 in each of the last three calendar years.  At all relevant times, AMN employed health care professionals, including Plaintiffs and the FLSA Class.

66.    Attached hereto, as Exhibit 1, is the consent to sue form signed by Plaintiffs in this action pursuant to section 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256.  Other FLSA Class members will likely sign consent to sue forms and join as opt-in plaintiffs on this claim in the future.

67.    The FLSA requires each covered employer, such as AMN, to compensate all non-exempt employees for all hours worked and overtime at a rate of not less than one and one-half times the regular rater of pay for work performed in excess of forty hours in a workweek.

68.    As alleged above, in violation 29 U.S.C. § 207, Defendants did not include the value of Plaintiffs' and other FLSA Class members' per diem benefits, including meals, incidentals, and lodging, whether paid in cash or in kind, in the regular rate of pay for purposes of calculating overtime when Plaintiffs and other FLSA Class members worked in excess of forty hours in a workweek.  The

THIRD AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

17

foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

69.     Plaintiffs, on behalf of themselves and the FLSA Class, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

70.     Plaintiffs, on behalf of themselves and the FLSA Class, seek recovery of their attorneys' fees and costs of action to be paid by AMN, as provided by the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

### **Class Certification**

1.  That this case be certified as a class action with respect to the California state law claims;

2.  That Plaintiffs be appointed as the representatives of the class; and

3.  That counsel for Plaintiffs be appointed as class counsel.

### **Collective Action Certification**

4.     That the FLSA claim be certified as a collective action and that notice be sent to the FLSA Class providing them notice of the opportunity to join this case pursuant to 29 U.S.C. § 216(b);

THIRD AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**First Cause of Action**

5.     That the Court declare, adjudge and decree that Defendants violated Labor Code section 510 by failing to pay Plaintiffs and other class members the correct overtime rates for all hours worked in excess of 8 hours per day and/or 40 hours per week;

6.     For unpaid overtime wages and such general and special damages as may be appropriate;

7.     For pre-judgment interest on any unpaid overtime wages owing commencing from the date such amounts were due;

8.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to Labor Code section 1194(a); and

9.     For such other and further relief as the Court may deem equitable and appropriate.

**Second Cause of Action**

10.    That the Court declare, adjudge and decree that Defendants violated Labor Code section 226(a) by failing to furnish Plaintiffs and other class members with wage statements accurately showing total hours worked, all applicable hourly rates in effect during the pay period, and the corresponding numbers of hours worked at each hourly rate;

11.    For penalties, reasonable attorney's fees, and costs of suit pursuant to

THIRD AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Labor Code section 226(e); and

12.    For such other relief as the Court may deem equitable and appropriate.

### Third Cause of Action

13.    That the Court declare, adjudge and decree that Defendants violated Business & Professions Code section 17200, et. seq. by (i) failing to pay Plaintiffs and other class members the correct premium overtime rates for all hours worked in excess of 8 hours per day and/or 40 hours per week in violation of Labor Code section 510, and (ii) failing to furnish Plaintiff and other class members with wage statements accurately showing total hours worked, all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate in violation of Labor Code section 226(a);

14.    For an accounting for and restitution of the wages unlawfully withheld and retained by Defendants during the class period;

15.    Fort reasonable attorneys' fees and costs of suit incurred herein pursuant to Code of Civil Procedure section 1021.5; and

16.    For such other and further relief as the Court may deem equitable and appropriate.

### Fourth Cause of Action

17.    That the Court declare, adjudge and decree that Defendants violated Labor Code sections 201, 202 and 203 by willfully failing to pay all wages owed at

the time of termination of employment of Plaintiffs and other class members who are former employees of Defendants;

18.    For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and all other class members who are former employees of Defendants; and

19.    For such other and further relief as the Court may deem equitable and appropriate.

### Fifth Cause of Action

20.    That the Court declare, adjudge, and decree that Defendants violated Labor Code sections 201, 202, 226, 510, and 558 by failing to pay all overtime wages owing, issue compliant wage statements, and timely pay all overtime wages owing;

21.    For civil penalties arising from these Labor Code violations, including the amount sufficient to recover unpaid wages for all aggrieved employees under Labor Code section 558;

22.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to Labor Code section 2699; and

23.    For such other and further relief as the Court may deem equitable and appropriate.

THIRD AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**Sixth Cause of Action**

24.     That the Court declare, adjudge and decree that Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiffs and other members of the FLSA Class the correct overtime rates for all hours worked in excess of 40 hours per week;

25.     For unpaid overtime compensation wages;

26.     For liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b);

27.     For attorneys' fees and costs of suit incurred herein pursuant to 29 U.S.C. § 216(b); and

28.     For such other and further relief as the Court may deem equitable and appropriate.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands trial of these claims by jury to the extent authorized by law.


DATED:  December 26, 2016                    HAYES PAWLENKO LLP

                                             By:/s/Matthew B. Hayes
                                                Matthew B. Hayes
                                                Kye D. Pawlenko
                                                Attorneys for Plaintiffs

THIRD AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL