# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNA MAXWELL CLARKE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AMN SERVICES, LLC, <br> Defendant. | CV 16-4132 DSF (KSx) <br><br> Order GRANTING IN PART and DENYING IN PART Defendant's Motion for Summary Judgment; Order DENYING Plaintiffs' Motion for Partial Summary Judgment |

   Both Plaintiffs and Defendant AMN Services, LLC move for summary judgment on liability for the wage-and-hour claims in this case. The motions primarily seek to determine the central question in the case: whether certain per diem payments to class member employees should be considered part of the employees' "regular rate" and therefore considered when calculating overtime pay rates.[1] Both parties also move for summary judgment on the separate wage statement claim.

   There are no material disputes of fact relevant to the issues presented in these motions. Both sides agree that the employees – traveling clinicians – received per diem payments when away from their homes. Def. SUF ¶ 16. The payments cover all seven days of a week even if the employee does not work all of the days.

---

[1] The overtime claims, the UCL claim, the waiting time claim, and the PAGA claim all depend on the resolution of this question.

Pl. SSUF ¶ 70-71. The total per diem was paid so long as the employee worked his contracted number of hours in a given week. If the employee worked less than that, the per diem payment was reduced initially proportionate to the number of hours not worked and later based on shifts missed. Def. SUF ¶¶36-45. The amount of the per diem payment was based on the federal government Continental United States (CONUS) reimbursement rates and no per diem exceeded the federal CONUS per diem amount. Def. SUF ¶¶ 22, 25-26. There also appears to be no dispute that the base per diem paid "reasonably approximates" the expenses incurred by traveling employees. See Def. SUF ¶ 47. Employees did not receive a higher per diem payment for working in excess of the contracted hours in a week. Def. SUF ¶ 27.

An employee's overtime rate is based on his "regular rate." 29 U.S.C. § 207(a).[2] The "regular rate" is "deemed to include all remuneration for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e). However, "reasonable payments for traveling expenses, or other expenses, incurred by an employee in the furtherance of his employer's interests and properly reimbursable by the employer" are excluded from the "regular rate." 29 U.S.C. § 207(e)(2). "Where an employee incurs expenses on his employer's behalf or where he is required to expend sums solely by reason of action taken for the convenience of his employer, section 7(e)(2) is applicable to reimbursement for such expenses. Payments made by the employer to cover such expenses are not included in the employee's regular rate (if the amount of the reimbursement reasonably approximates the expenses incurred). Such payment is not compensation for services rendered by the employees during any hours worked in the workweek." 29 C.F.R. § 778.217(a).

---

[2] The parties agree that the same standards apply to the federal and corresponding state law claims.

2

The primary question is whether Defendants' reduction of the per diem amount when an employee worked less than his contracted hours per week changed the per diem payment from one based on reimbursement of expenses to one tied to hours worked. Defendant claims that the reduction is intended to account for employee time spent away from home that was not for the benefit of Defendant, the employer. Under Defendant's rubric, if an employee worked the full amount of contracted hours in a week, Defendant would deem the entire week away from home as for the benefit of Defendant. But if, for example, the employee only worked two 12-hour shifts instead of three, in Defendant's view one-third of the week away from home was not for Defendant's benefit because a substantial portion of the week was spent away from home without doing actual work for Defendant.

The Court sees no reason why this per diem reduction practice should alter the characterization of the per diem as not part of the "regular wage." Consider a hypothetical where an employee was paid a per diem expense payment to attend three days of meetings, but, instead, skips a day of meetings to enjoy himself away from home. The employer could presumably refuse to pay the employee the per diem for the day of skipped meetings without changing the fact that the expenses on the other two days when the employee did go to the meetings *were* incurred for the benefit of the employer. The only difference between that hypothetical and this case is that Defendant does regularly pay per diems for days away from home but not worked – the days between shifts. But Plaintiffs do not seem to have an objection to that practice in principle. Instead, they seem to believe that Defendant should not reduce the per diem payments for time not worked. But reducing payments for time not worked would, if anything, logically make the payments better at reflecting expenses incurred for the benefit of the employer, not worse. By reducing the payments for time not worked, Defendant would

3

probably be erring on the side of not paying employees for work-related expenses, rather than compensating them for personal expenses.

Plaintiffs rely heavily on the Department of Labor Wage & Hour Division Field Operations Handbook (FOH) in support of their position. The relevant section of the FOH states:

> If the amount of per diem or other subsistence payment is based upon and thus varies with the number of hours worked per day or week, such payments are a part of the regular rate in their entirety. However, this does not preclude an employer from making proportionate payments for that part of a day that the employee is required to be away from home on the employer's business. For example, if an employee returns to his/her home or employer's place of business at noon, the payment of only one-half the established per diem rate for that particular day would not thereby be considered as payment for hours worked and could thus be excluded from the regular rate.

FOH § 32d05a(c).

Plaintiffs use this authority to claim that because Defendant's per diem system "varies with the number of hours worked per day or week" – in that it reduces payments based on hours of work missed – the per diem payments are part of the regular rate in its entirety. This argument fails for several reasons. First, the FOH is not authoritative guidance on the Labor Code or Labor Regulations. See Probert v. Family Centered Servs. of Alaska, Inc., 651 F.3d 1007, 1012 (9th Cir. 2011) ("[I]t does not appear to us that the FOH is a proper source of interpretive guidance."). Second, Plaintiffs' argument takes the FOH out of context and essentially ignores the second part of the quoted passage. After stating that expense reimbursements should not vary with the

number of hours worked, the FOH immediately approves of the practice of cutting a per diem proportionately if only part of a day was spent away from home or the employee's normal workplace. This is what Defendant was doing, and it is explicitly contemplated and approved of in the FOH.

Plaintiffs point to Newman v. Advanced Tech. Innovation Corp., 749 F.3d 33 (1st Cir. 2014), in support of an interpretation of the FOH that allows only for reductions based on days or half-days missed, not individual hours. The Newman court did take that position, presumably because it believed that the first and second parts of the above quoted section of the FOH would have been contradictory otherwise.[3] See id. at 37-38. This Court concludes otherwise. The second portion of the section is intended to clarify how to apply the first portion. In light of the entire section, the best interpretation is that "based upon and thus varies with the number of hours worked per day or week" means that the expense reimbursement is purely calculated based on hours, not on any estimate of actual expenses, *e.g.*, an employee gets an extra $5 per hour when away from home regardless of whether this has any relationship to actual expenses. Here it is uncontroverted that Defendant starts with a reasonable reimbursement level connected to estimated actual expenses and then reduces it for time it deems not to have been used for Defendant's benefit. In any event, the FOH isn't binding. The statute and regulations support a flexible, substance-based approach to the regular rate calculation, not the mechanical analysis put forward by Plaintiffs. See also Flores v. City of San Gabriel, 824 F.3d 890, 899 (9th Cir. 2016) (interpreting the "other similar payments" clause of § 207(e)(2) "does not turn on whether

---

[3] The Newman court also seemed to be unnecessarily tied to the FOH language, which it recognized as non-binding, presumably because that is how the parties framed the issue. See 749 F.3d at 37 ("Both parties focus their arguments on Section 32d05a(c) of the Handbook.").

the payment is tied to an hourly wage, but instead turns on whether the payment is a form of compensation for performing work").

Plaintiffs also argue that the per diems are not really for travel expenses because Defendant's employees who are not traveling away from home also get the same fixed per diem. First, the premise that non-traveling employees received the same fixed per diem is disputed. See Def. Resp. to Pl. SSUF ¶ 72-73. In any event, while there is authority that suggests blanket payment of per diems to all employees may affect the tax status of the per diem payments, see, e.g., 26 C.F.R. § 1.62-2(j), what other employees may or may not be paid does not change the underlying fact that traveling employees are receiving per diem payments that reasonably approximate travel costs incurred for the benefit of the employer. The overtime rate status of the two sets of employees would just be different – the non-traveling employees would have the per diem included in their regular rate and the traveling employees would not.

The Court now turns to the wage statement claim. Plaintiffs contend that Defendant's wage statements do not comply with California law because they do not show the number of hours worked at each hourly rate. See Cal. Labor Code § 226(a). It is undisputed that the wage statements do not separately list the number of hours worked at the regular rate. Nonetheless, Defendant argues it should not be held liable because employees can "promptly and easily determine" the number of regular hours from the wage statement alone using simple math. See Cal. Labor Code § 226(e)(2)(B). "'[P]romptly and easily determine' means a reasonable person would be able to readily ascertain the information without reference to other documents or information." Cal. Labor Code § 226(e)(2)(C).

Summary judgment for both sides is denied with respect to the wage statement claim. The wage statements are confusing and poorly labeled. The row labeled "Regular Hours" apparently includes all hours worked, not just those at the regular rate, but it is matched to the regular rate. However, the row labeled "OT Premium" apparently lists only the hours worked that qualified for overtime – as one might expect – but then lists only the overtime differential rather than the total overtime rate. Defendant contends that simple math is all that is needed to determine the regular hours. This may be true but is beside the point. The problem is not that complicated calculations are needed: the problem is that a reasonable employee may not be able to understand what the wage statement is telling him in order to know to make the correct calculations in the first place. After some thought, a typical person might be able to reason through the wage statement, but the correct interpretation is certainly not obvious on first review. As the Court cannot say as a matter of law that "a reasonable person would be able to readily ascertain the information without reference to other documents or information" the motions for summary judgment are denied on this issue.

Plaintiff's motion is DENIED. Defendant's motion is DENIED with respect to the wage statement claim. It is GRANTED in all other respects.

IT IS SO ORDERED.

Date: 6/26/18

Dale S. Fischer
United States District Judge