**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VERNA MAXWELL CLARKE and LAURA WITTMANN, individuals on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>AMN SERVICES, LLC,<br><br>    Defendants. | CASE NO. CV 16-04132 DSF (KSx)<br><br>ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT |

Plaintiff moves for final approval of a Joint Stipulation and Settlement Agreement (Dkt. 126-6) resolving the wage statement claims asserted in this lawsuit on a class basis. The operative Third Amended Complaint asserts claims against AMN Services, LLC for unpaid overtime and inaccurate itemized wage statements, along with derivative claims for unfair business practices, waiting time penalties, and civil penalties. *See* Dkt. 34. This Court certified two California-wide classes pursuant to Rule 23 of the Federal Rules of Civil Procedure – an "Overtime Class" and a "Wage Statement Class" – and conditionally certified a nationwide Fair Labor Standards Act (FLSA) collective. *See* Dkt. 60. Following certification, a third-party administrator disseminated Court-approved notice to members of the certified classes and collective providing an opportunity to opt out of the Rule 23 classes and opt in to the FLSA collective.

On June 26, 2018, this Court granted summary judgment in favor of Defendant as to the California and FLSA claims for unpaid overtime as well as the derivative state law claims based on the underpayment of overtime but denied summary judgment as to the wage statement claims. *See* Dkt. 106. The parties thereafter participated in a private mediation and reached an agreement to settle the wage statement claims.

On January 11, 2019, Plaintiff Verna Maxwell Clarke, individually and on behalf of the certified Wage Statement Class, filed a motion for preliminary approval of the Settlement. *See* Dkt. 121. This Court granted preliminary approval of the Settlement on February 26, 2019 and ordered that the approved notice of the Settlement be disseminated to the Wage Statement Class. *See* Dkt. 123. In compliance with that Order, notice was sent to all members of the Wage Statement Class via first-class mail. The Court received no objections to the Settlement.

The present motion for final approval of the Settlement was filed on May 20, 2019, and a motion for attorneys' fees, costs, service award and settlement administration expenses was filed on April 5, 2019. A final fairness hearing was

held on June 24, 2019.

The Court has now considered all papers, evidence and argument submitted regarding the Settlement. Based on the foregoing, IT IS ORDERED, ADJUDGED AND DECREED:

1. The Court grants final approval of the Settlement and finds that it is fair, reasonable, and adequate and satisfies the standards for final approval of a class action settlement under federal law. The parties shall fulfill the terms of the Settlement as modified by this Order.

2. The Settlement and this Judgment shall be binding on all individuals falling with the definition of the Wage Statement Class certified by this Court on October 12, 2017 (Dkt. 60) with the exception of only those individuals who timely requested exclusion from the certified class. The Wage Statement Class is defined as "All non-exempt hourly employees employed by AMN in California who worked pursuant to a Professional Services Agreement and worked overtime during one or more pay periods from May 7, 2015 through October 12, 2017."

3. The individuals listed in Exhibit 2 to the Settlement (Dkt. 126-6 at pp. 34-37) timely requested exclusion from the Wage Statement Class and are therefore excluded from the Settlement and this Judgment.

4. The notice of the Settlement and notice methodology implemented by the parties following the Order granting preliminary approval of the Settlement (i) was the best practicable notice under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Wage Statement Class of the pendency of the Settlement, their right to object to the Settlement, and their right to appear at the final fairness hearing; (iii) was due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) complied fully with all applicable law.

5. The Court approves class counsel attorneys' fees in the amount of

$315,644.38[1] and reimbursement of litigation expenses in the amount of $37,422.49. Ninety percent of the fees and 100 % of the costs shall be paid in accordance with any agreement by the Parties. The remaining 10% of the fees shall be paid when class counsel provides a declaration that all other terms of the settlement have been implemented and class counsel submits a proposed order to that effect.

6. The Court approves a class representative service payment to Plaintiff Verna Maxwell Clarke in the amount of $3,000, which shall be paid in accordance with the terms of the Settlement.[2]

7. The Court approves settlement administration fees and expenses to CPT Group, Inc. in the amount of $50,000, which shall be paid in accordance with the terms of the Settlement.

8. The parties shall bear their own costs and attorneys' fees except as otherwise provided in this Order.

9. Without affecting the finality of this matter, this Court shall retain exclusive jurisdiction over this action and the parties, including the Wage Statement Class, for purposes of enforcing the terms and conditions of the Settlement.

10. The Court enters final judgment in this action.

IT IS SO ORDERED.

DATED: July 8, 2019

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

---

[1] The Court concludes that counsel's costs should be deducted before determining the 25% fee award

[2] Plaintiff states that she was looking for work in the travel nurse industry at the time she became a plaintiff in this lawsuit two and a half years ago and was concerned that the suit might make it difficult for her to find work. That apparently was not the case. She was also aware that she might be responsible for some or all of Defendant's costs if the case were not successful. The Court finds that risk was virtually non-existent. Nevertheless, Plaintiff documents to a limited degree the amount of time spent, including time lost from work, as a result of her efforts in this case. She is entitled to a service award.