**AKERMAN LLP**
SARAH KROLL-ROSENBAUM (SBN 272358)
sarah.kroll-rosenbaum@akerman.com
ANTHONY D. SBARDELLATI (SBN 246431)
anthony.sbardellati@akerman.com
NANCY SOTOMAYOR (SBN 312022)
nancy.sotomayor@akerman.com
HARRISON THORNE (SBN 313295)
harrison.thorne@akerman.com
601 West Fifth Street, Suite 300
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342

Attorneys for Defendant
AMN SERVICES, LLC

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNA MAXWELL CLARKE, and LAURA WITTMANN, individuals on behalf of themselves and others similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>AMN SERVICES, LLC,<br><br>            Defendant. | Case No. 2:16-cv-04132-DSF-KS<br><br>HON. DALE S. FISCHER<br><br>**DEFENDANT AMN SERVICES, LLC'S AMENDED NOTICE OF MOTION AND MOTION TO REDEFINE THE RULE 23 CLASS AND FLSA COLLECTIVE TO EXCLUDE CLASS AND COLLECTIVE MEMBERS BOUND BY ARBITRATION AGREEMENTS**<br><br>Hearing Date: March 13, 2023<br>Time:  1:30 p.m.<br>Courtroom: 7D |

DEFENDANT AMN SERVICES, LLC'S AMENDED NOTICE OF MOTION AND MOTION TO REDEFINE
THE RULE 23 CLASS AND FLSA COLLECTIVE TO EXCLUDE CLASS AND COLLECTIVE MEMBERS
BOUND BY ARBITRATION AGREEMENTS
67606032;7

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 13, 2023 at 1:30 p.m. in Courtroom 7D of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, the Honorable Dale S. Fischer presiding, Defendant AMN Services, LLC ("AMN" or "Defendant") will and hereby does move the Court, pursuant to Fed. R. Civ. P. 23(c), for an order redefining the California Rule 23 Class to exclude members who are subject to Arbitration Provisions on the grounds that representative plaintiffs Laura Wittmann ("Wittmann") and Verna Maxwell Clarke ("Clarke") are not adequate representatives as to those members and their claims and defenses are atypical of those members.

**PLEASE TAKE FURTHER NOTICE THAT** Defendant will and hereby does move the Court, pursuant to 29 U.S.C. § 216(b), for an order redefining the conditionally certified FLSA Collective to exclude members who are subject to Arbitration Provisions.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on December 22, 2022 at 3:00 p.m. [Declaration of Anthony Sbardellati ("Sbardellati Decl."), ¶ 2].

This motion is based on this Notice, the Memorandum of Points & Authorities filed concurrently herewith, the supporting Declarations and Exhibits submitted herewith, all records and pleadings on file in this Action, and on such evidence and arguments as may be presented at the hearing.

DATED: January 20, 2023          AKERMAN LLP

By: /s/ Sarah Kroll-Rosenbaum
    Sarah Kroll-Rosenbaum
    Anthony D. Sbardellati
    Nancy Sotomayor
    Harrison Thorne
    Attorneys for Defendant
    AMN SERVICES, LLC

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 1800
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES...........................................1

I.    SUMMARY OF ARGUMENT ............................................................1

II.   RELEVANT FACTUAL HISTORY ....................................................2

III.  LEGAL STANDARDS....................................................................3

IV.   ARGUMENT ...............................................................................5

    **1.**   Clarke and Wittmann Cannot Represent Class and Collective Members Who are Bound by AMN's Arbitration Provision. ............................................................5

    **2.**   Because of Plaintiffs' Inadequacy and Atypicality, the Class and Collective Should be Redefined to Exclude Members Subject to Arbitration Provisions..................................9

    **3.**   Plaintiffs Cannot Rely on Collateral Attacks Against the Arbitration Provision within the PSA to Escape Redefinition..............................................................12

V.    CONCLUSION ...........................................................................14

**DEFENDANT AMN SERVICES, LLC'S AMENDED NOTICE OF MOTION AND MOTION TO REDEFINE THE RULE 23 CLASS AND FLSA COLLECTIVE TO EXCLUDE CLASS AND COLLECTIVE MEMBERS BOUND BY ARBITRATION AGREEMENTS**

67606032;7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Amgen Inc. v. Conn. Ret. Plans & Trust Funds*,
 568 U.S. 455 (2013)..........................................................................................3, 9

*Andrews v. Ring LLC*,
 Case No.: 5:20-cv-00889-RGK-SP, 2020 WL 6253319 (C.D. Cal. Sept. 17, 2020)
 ..........................................................................................................................7, 8

*Armendariz v. Found. Health Psychcare Servs. Inc.*,
 24 Cal.4th 83 (2000)...........................................................................................13

*Armstrong v. Davis*,
 275 F.3d 849 (9th Cir. 2001) ................................................................................4

*Avilez v. Pinkerton Gov't Servs., Inc.*,
 596 Fed. Appx. 579 (9th Cir. 2015) ........................................................5, 8, 13

*Baum v. Am.'s Servicing Co.*,
 No. 12-CV-00310-H BLM, 2012 WL 1154479 (S.D. Cal. Apr. 5, 2012).........12

*Balasanyan v. Nordstrom, Inc.*,
 Case No.: 11–cv–2609–JM–WMC, 2012 WL 760566 (S.D. Cal. Mar. 8, 2012)14

*Campanelli v. Image First Healthcare Laundry Specialists, Inc.*,
 No. 15-cv-04456-PJH, 2018 WL 6727825 (N.D. Cal. Dec. 21, 2018)..........6, 13

*Chen-Oster v. Goldman, Sachs & Co.*,
 449 F. Supp. 3d 216 (S.D. NY. 2020) ................................................................14

*Conde v. Open Door Mktg., LLC*,
 223 F. Supp. 3d 949 (N.D. Cal. 2017).......................................................6, 8, 9

*Ellsworth v. Schneider Nat'l Carriers, Inc.*,
 Case No.: 5:20-cv-01699-SB-SP, 2021 WL 6102514 (C.D. Cal. Oct. 28, 2021)7

*Epic Sys. Corp. v. Lewis*,
 138 S. Ct. 1612 (2018)..........................................................................................3

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 1800
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANT AMN SERVICES, LLC'S AMENDED NOTICE OF MOTION AND MOTION TO REDEFINE THE RULE 23 CLASS AND FLSA COLLECTIVE TO EXCLUDE CLASS AND COLLECTIVE MEMBERS BOUND BY ARBITRATION AGREEMENTS**

67606032;7

*Farr v. Acima Credit LLC*,
   Case No.: 20-CV-8619-YGR, 2021 WL 2826709 (N.D. Cal. July 7, 2021) ...7, 9

*Gen. Tel. Co. of the Sw. v. Falcon*,
   457 U.S. 147 (1982)....................................................................................4

*Gentry v. Super. Ct.*,
   42 Cal.4th 443 (2007) ...............................................................................13

*Gile v. Dolgen California LLC*,
   Case No.: 5:20-cv-01863-MCS-SP, 2022 WL 3574168 (C.D. Cal. Aug. 2, 2022),
   *appeal filed*, No. 22-80080 (9th Cir. Oct. 24, 2022)
   ...........................................................................................................7, 12

*Hayes v. Magnachip Semiconductor Corp.*,
   Case No.: 14-cv-01160-JST, 2017 WL 512777 (N.D. Cal. Feb. 8, 2017)...........4

*Heredia v. Sunrise Senior Living LLC*,
   Case No.: 8:18-cv-01974-JLS-JDE, 2021 WL 811856 (C.D. Cal. Feb. 9, 2021)7,
   13

*In re Titanium Dioxide Antitrust Litig.*,
   962 F. Supp. 2d 840 (D. Md. 2013)......................................................11

*Johnson v. California*,
   543 U.S. 499 (2005).....................................................................................4

*Lawson v. Grubhub, Inc.*,
   13 F.4th 908 (9th Cir. 2021) ......................................................................6

*O'Connor v. Uber Techs., Inc.*,
   904 F.3d 1087 (9th Cir. Sep. 25, 2018) ......................................................6

*Salgado v. Carrows Rests., Inc.*,
   33 Cal.App.5th 356 (2019) ......................................................................13

*Tan v. Grubhub, Inc.*,
   Case No. 15-cv-5128-JSC, 2016 WL 4721439 (N.D. Cal. July 19, 2016), *aff'd sub
   nom. Lawson v. Grubhub, Inc.*, 13 F.4th 908 (9th Cir. 2021) ...............6, 8, 9, 12

*United States ex rel. Terry v. Wasatch Advantage Grp., LLC*,
   Case No.: 2:15-cv-00799-KJM-DB, 2020 WL 230204 (E.D. Cal. Jan. 15, 2020)4,
   10, 11

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

DEFENDANT AMN SERVICES, LLC'S AMENDED NOTICE OF MOTION AND MOTION TO REDEFINE
THE RULE 23 CLASS AND FLSA COLLECTIVE TO EXCLUDE CLASS AND COLLECTIVE MEMBERS
BOUND BY ARBITRATION AGREEMENTS
67606032;7

*Valencia v. VF Outdoor, LLC*,
    Case No.: 1:20-cv-01795-DAD-SKO, 2021 WL 5154161 (E.D. Cal. Nov. 5, 2021) .................................................................................................................... 7

*Ward v. Crow Vote LLC*,
    Case No.: SA CV 21-1110-FWS-DFMx, 2022 WL 17883603 (C.D. Cal. Oct. 7, 2022) ......................................................................................................... 7, 8

*Young v. Beard*,
    Case No.: 2:11–cv–02491–KJM–AC, 2014 WL 66706 (E.D. Cal. Jan. 8, 2014)4

**Statutes**

29 U.S.C. § 216................................................................................................. 2

Cal. Civ. Code § 1559..................................................................................... 12

**Rules**

Ninth Circuit Rule 36-3 ................................................................................... 5

Fed. R. Civ. P. 23 ....................................................... 1, 2, 3, 4, 5, 6, 11

Fed. R. App. P. 32.1 ........................................................................................ 5

L.R. 7-3 ............................................................................................................ 2

**AKERMAN LLP**
600 WEST FIFTH STREET, SUITE 6000
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Case No. 2:16-cv-04132-DSF-KS
**DEFENDANT AMN SERVICES, LLC'S AMENDED NOTICE OF MOTION AND MOTION TO REDEFINE THE RULE 23 CLASS AND FLSA COLLECTIVE TO EXCLUDE CLASS AND COLLECTIVE MEMBERS BOUND BY ARBITRATION AGREEMENTS**
67606032;7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   SUMMARY OF ARGUMENT

This motion addresses the implication of AMN's Arbitration Provision on class and collective certification and is necessitated by Plaintiffs' insistence that the "damages period" applicable to their claims extends to January 24, 2021—several years after the close of discovery in this action and covering a period during which liability has never been adjudicated.  AMN's Arbitration Provision applies to members of the Class and Collective but *not* the representative Plaintiffs.  Out of an abundance of caution, because the Court did not fully resolve the class period question in response to AMN's motion to decertify (See [Dkt. No. 164, n. 2),[1] AMN now brings this issue to the Court's attention, as its resolution will impact the scope of the issues to be tried in this action.

After the Court entered summary judgment in AMN's favor, AMN rolled out an Arbitration Provision with a class- and collective-action waiver as part of its standard contract.  There was good reason to do so: liability had been adjudicated in this case with respect to a defined Class and Collective—which, by all objective measures and the plain language of the Order, closed in October 2017.  And, the Supreme Court in *Epic Systems* had recognized that employers like AMN were permitted by the Federal Arbitration Act to implement an arbitration program with class waivers.

As a result of this arbitration roll-out, 14.48 percent of the Rule 23 Class and 12.46 percent of the conditionally certified FLSA Collective became subject to these Arbitration Provisions.  Representative Plaintiffs Wittmann and Clarke, however, are not similarly bound.  As such, their claims and defenses are atypical of the Class and Collective under Fed. R. Civ. P. 23(a)(3), and they are also inadequate representatives

---

[1] In its Order Denying Defendant's Motion for Decertification, the Court noted that: "AMN alternatively asks the Court to clarify that the class period ends on October 12, 2017, asserting that Plaintiffs contend the class period lacks an end-date. Mot. at 21-22. Because Plaintiffs agree that the class period ended on October 12, 2017, the Court does not address the issue." Opp'n at 16-17." [Dkt. No. 164, n. 2].

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

under section (a)(4).   Because Plaintiffs lack standing to collaterally attack the Arbitration Provisions of others, questions of enforcement are irrelevant.  As such, well-settled law requires, and AMN respectfully requests, an Order from the Court redefining the Class and Collective to exclude members who are subject to mandatory Arbitration Provisions.

## II.    RELEVANT FACTUAL HISTORY

Plaintiffs moved for certification of a Rule 23 Class and conditional certification of the FLSA Collective on January 30, 2017, [Dkt. Nos. 36, 37], which was granted on October 12, 2017.  [Dkt. No. 60].

The certified Overtime Class consists of:

> All non-exempt hourly employees employed by AMN in California from September 11, 2013 through the date of class certification who worked overtime during one or more pay periods from September 11, 2013 through the date of class certification pursuant to a Professional Services Agreement that provided for per diem adjustments based on the number of hours and/or shifts missed and had the value of per diem benefits excluded from their regular rate for purposes of calculating overtime.

[Dkt. No. 60 at 8-9].

The conditionally certified FLSA Collective consists of:

> All non-exempt hourly employees employed by AMN in California at any time since September 13, 2013 or outside California at any time since December 15, 2013 whose employment was governed by a Professional Services Agreement that provided for per diem adjustments based on the number of hours and/or shifts missed and had the value of per diem benefits excluded from their regular rate for purposes of calculating overtime.

[Dkt. No. 60 at 2].

Following certification, the parties filed cross-motions for summary judgment on April 6, 2018.  [Dkt. Nos. 79, 80].  The Court granted AMN's motion for summary judgment on June 26, 2018.  [Dkt. No. 106].

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
600 WEST FIFTH STREET, SUITE 1800
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AMN rolled out a new version of its Professional Services Agreement ("PSA") in early 2019, after summary judgment was entered in AMN's favor, and after the Supreme Court's decision in *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612 (2018). [Declaration of Kristen Sherwood ("Sherwood Decl."), ¶ 3, Exh. A]. The amended PSA set forth the terms and conditions of the clinicians' assignments and includes a provision titled "ARBITRATION OF DISPUTES" (the "Arbitration Provision"). [*Id.*]. The Arbitration Provision contains a class and collective action waiver, providing that AMN and the bound clinicians "**waive the right to have a court or jury trial on any arbitrable claim**," and that "**arbitration shall occur on an individual basis only**." [*Id.*]

All AMN clinicians who worked assignments in California after January 2019 accepted the terms of the PSA and the accompanying Arbitration Provision, including a substantial number of Class and Collective members who worked assignments both during the Class Period and after AMN rolled out the Arbitration Provision. [Sherwood Decl., ¶ 4]. Specifically, 1,584 Class members and 291 Collective members accepted Arbitration Provisions in connection with assignments beginning *after* the Class and Collective Period end-dates. [*Id.*]. Clarke and Wittmann, however, did not. [*Id.*, ¶ 5]. Unlike the aforementioned members subject to Arbitration Provisions, neither Clarke nor Wittmann worked assignments for AMN after 2016, and accordingly, neither became bound by an Arbitration Provision at any time. [*Id.*].

## III.   LEGAL STANDARDS

District courts have latitude to alter or amend "class-certification orders based on circumstances developing as the case unfolds." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 479 n. 9 (2013).[2] (citations omitted). The only limitation on

---

[2] The Court explicitly acknowledged its authority to redefine the Class in a previous order, noting that "it is clear from the plain text of Rule 23(c)(1)(C) that the Court does have the authority to revisit its previous certification decision." [Dkt. No. 164, p. 4]. Moreover, the Court *sua sponte* redefined the Class definition in its Order Granting Plaintiff's Motion for Class Certification. *See* Dkt. No. 60, fn. 5 ("To the extent AMN

redefining a class or collective is that "'subsequent developments' [must] warrant revisiting a [] certification decision." *Hayes v. Magnachip Semiconductor Corp.*, Case No.: 14-cv-01160-JST, 2017 WL 512777, at *1 (N.D. Cal. Feb. 8, 2017).  "Where proposed modifications to class definitions are minor, require no additional discovery, and cause no prejudice to [the other party], the court may grant amendment more freely." *United States ex rel. Terry v. Wasatch Advantage Grp., LLC*, Case No.: 2:15-cv-00799-KJM-DB, 2020 WL 230204, at *5 (E.D. Cal. Jan. 15, 2020) (citation and internal quotations omitted).

Fed. R. Civ. P. 23(c)(1)(C) provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment." "Even after a certification order is entered, the [court] remains free to modify it in the light of subsequent developments in the litigation." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982).  "[T]he district court may redefine the class, . . . may excise portions of a plaintiffs class allegations, and may even decertify the class." *Armstrong v. Davis*, 275 F.3d 849, 871, n. 28 (9th Cir. 2001) (abrogated on other grounds by *Johnson v. California*, 543 U.S. 499 (2005).

The FLSA is similar.  While "[n]o clear authority exists on what standard a district court should apply to a motion to modify a conditionally certified class under the [FLSA]," courts have even more leeway to redefine conditionally certified collectives than certified classes.  *See Young v. Beard*, Case No.: 2:11–cv–02491–KJM–AC, 2014 WL 66706, at *2 (E.D. Cal. Jan. 8, 2014) ("Under Rule 23, district judges have an obligation to 'define, redefine, subclass and decertify as appropriate in response to the progression of the case from assertion to facts.' . . . This is because 'the class certification is usually made early in the case,' and therefore 'it may become necessary to modify the class definition after further discovery or other events which alter the

---

contends this is not Plaintiffs' definition [of the Overtime Class], the Court now redefines it.").

**DEFENDANT AMN SERVICES, LLC'S AMENDED NOTICE OF MOTION AND MOTION TO REDEFINE THE RULE 23 CLASS AND FLSA COLLECTIVE TO EXCLUDE CLASS AND COLLECTIVE MEMBERS BOUND BY ARBITRATION AGREEMENTS**

67606032;7

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   parameters of the class.' . . . This reasoning applies with even greater force to conditional

2   certification under the FLSA because conditional certification is held to a lower

3   standard and can occur still earlier in a case's life.") (citations and internal quotations

4   omitted).

5   **IV.   ARGUMENT**

6       **1.**  <u>Clarke and Wittmann Cannot Represent Class and Collective Members</u>

7       <u>Who are Bound by AMN's Arbitration Provision.</u>

8       Clarke and Wittmann are not bound by AMN's Arbitration Provision but purport

9   to represent Class and Collective members who are.  [Sherwood Decl., ¶ 5].  Pursuant

10   to controlling Ninth Circuit authority, Clarke and Wittmann cannot satisfy Fed. R. Civ.

11   P. 23(a)(3) or (a)(4)'s typicality or adequacy requirements with respect to those

12   members, which requires a redefinition of the Class and Collective.

13       In *Avilez v. Pinkerton Gov't Servs., Inc.*, 596 Fed. Appx. 579 (9th Cir. 2015),[3] the

14   district court certified classes and subclasses that included employees who signed class

15   action waivers.  *Id.* at 579.  The named plaintiff, however, had signed an arbitration

16   agreement that did *not* contain a class action waiver, and the parties "did not dispute

17   that those who signed such waivers [had] potential defenses that [the representative

18   plaintiff] would be unable to argue on their behalf." *Id.* On review, the Ninth Circuit

19   vacated the district court's certification order on typicality and adequacy grounds,

20   holding that "[t]o the extent the classes and subclasses include individuals who signed

21   class action waivers, [the representative plaintiff] is not an adequate representative, . . .

22   and her claim lacks typicality[.]" *Id.* (citations omitted).

23       Following *Avilez*, the Ninth Circuit again reversed a district court's class

24   certification order where the class "include[d] drivers who entered into agreements to

25

26   ─────────────

   [3] *Avilez* was a memorandum disposition not selected for publication. However, pursuant

27   to Ninth Circuit Rule 36-3, "[u]npublished dispositions and orders of this Court issued
   on or after January 1, 2007 may be cited to the courts of this circuit in accordance with
   FRAP 32.1."

28

**DEFENDANT AMN SERVICES, LLC'S AMENDED NOTICE OF MOTION AND MOTION TO REDEFINE
THE RULE 23 CLASS AND FLSA COLLECTIVE TO EXCLUDE CLASS AND COLLECTIVE MEMBERS
BOUND BY ARBITRATION AGREEMENTS**

67606032;7

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

arbitrate their claims and to waive their right to participate in a class action with regard to those claims" in *O'Connor v. Uber Techs., Inc.*, 904 F.3d 1087, 1094 (9th Cir. Sep. 25, 2018).

Three years later, in *Lawson v. Grubhub, Inc.*, 13 F.4th 908 (9th Cir. 2021), the Ninth Circuit confirmed the principle – now well-settled – that a representative plaintiff cannot represent a class of plaintiffs subject to arbitration agreements. There, the Ninth Circuit held that the district court properly denied certification because "[a]ll members of [plaintiff's] putative class—except [plaintiff] and one other—signed agreements waiving their right to participate in [the] class action." *Id.* at 913. In so holding, the Court affirmed the district court's ruling on the grounds that the plaintiff "could not satisfy the requirements in Rule 23(a) because he is neither typical of the class nor an adequate representative, and because the proceedings would be unlikely to generate common answers." *Id.*

Every district court within this circuit that has considered this issue has followed the Ninth Circuit's mandate. *See, e.g., Tan v. Grubhub, Inc.*, Case No. 15-cv-5128-JSC, 2016 WL 4721439, at *3 (N.D. Cal. July 19, 2016), *aff'd sub nom. Lawson v. Grubhub, Inc.*, 13 F.4th 908 (9th Cir. 2021) (representative plaintiff who opted out of arbitration agreement and class action waiver could not satisfy typicality or adequacy requirements of Rule 23); *Conde v. Open Door Mktg., LLC*, 223 F. Supp. 3d 949, 960, 963 (N.D. Cal. 2017) (representative plaintiffs did not sign arbitration agreements, whereas 234 putative class members did, which was fatal to plaintiffs' ability to demonstrate typicality since they were "not personally affected by the arbitration agreements," had "no interest in the enforceability of the arbitration agreement itself," and "lack[ed] the ability to challenge the agreements on behalf of individuals who did sign such agreements."); *Campanelli v. Image First Healthcare Laundry Specialists, Inc.*, No. 15-cv-04456-PJH, 2018 WL 6727825, at *7 (N.D. Cal. Dec. 21, 2018) (representative plaintiff not subject to an arbitration clause nor a class/collective action waiver was "not

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 3000
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

an adequate representative and his claims lack[ed] typicality with respect to putative Rule 23 plaintiffs who ha[d] signed the DRA or the Employment Agreement."); *Andrews v. Ring LLC*, Case No.: 5:20-cv-00889-RGK-SP, 2020 WL 6253319, at *5 (C.D. Cal. Sept. 17, 2020) (representative plaintiff not subject to arbitration agreement, unlike bulk of proposed class, was atypical and inadequate because "he [would] be unable to assert certain arguments (such as unenforceability) on behalf of the proposed class"); *Heredia v. Sunrise Senior Living LLC*, Case No.: 8:18-cv-01974-JLS-JDE, 2021 WL 811856 (C.D. Cal. Feb. 9, 2021) ("[N]either Plaintiff[s] … have agreed to arbitrate their claims, but they seek to represent a class composed mostly of residents who have signed arbitration agreements. The Ninth Circuit has foreclosed the viability of that proposition.") (citation and internal quotations omitted); *Farr v. Acima Credit LLC*, Case No.: 20-CV-8619-YGR, 2021 WL 2826709, at *7 (N.D. Cal. July 7, 2021) (denying class certification on grounds that defenses unique to representative plaintiff would threaten to become the focus of the litigation where representative plaintiff who opted out of arbitration agreement attempted to represent putative class largely bound by agreements); *Ellsworth v. Schneider Nat'l Carriers, Inc.*, Case No.: 5:20-cv-01699-SB-SP, 2021 WL 6102514, at *2-3 (C.D. Cal. Oct. 28, 2021) (holding that plaintiff's claims lacked typicality and he was inadequate representative because majority of class members were bound by defendant's arbitration agreements and class action waivers); *Valencia v. VF Outdoor, LLC*, Case No.: 1:20-cv-01795-DAD-SKO, 2021 WL 5154161, at *4 (E.D. Cal. Nov. 5, 2021) (representative plaintiff did not sign the arbitration agreement, but sought to "represent a class comprised mostly of employees who did" – a proposition which "[t]he Ninth Circuit has foreclosed[.]"); *Gile v. Dolgen California LLC*, Case No.: 5:20-cv-01863-MCS-SP, 2022 WL 3574168, at *2 (C.D. Cal. Aug. 2, 2022), *appeal filed*, No. 22-80080 (9th Cir. Oct. 24, 2022); *Ward v. Crow Vote LLC*, Case No.: SA CV 21-1110-FWS-DFMx, 2022 WL 17883603, at *10 (C.D. Cal. Oct. 7, 2022) (denying class certification because named plaintiffs' claims and

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 6300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    defenses were not typical of the class, after finding that defendants waived right to assert

2    delegation provision against named plaintiffs, and that named plaintiffs "are in

3    possession of a defense that they cannot assert on behalf of the remainder of the putative

4    class.")

5         Like the representative plaintiffs in the cases discussed above, Clarke and

6    Wittmann are not subject to AMN's Arbitration Provision. [Sherwood Decl., ¶ 5]. They

7    are thus inadequate representatives with atypical claims and defenses with respect to

8    the significant number of Class and Collective members who are bound by AMN's

9    Arbitration Provision.  Among other things, the Class and Collective members bound

10   by PSAs with Arbitration Provisions will have "potential defenses that [Clarke and

11   Wittmann] would be unable to argue on their behalf," which justified the Ninth Circuit's

12   vacatur of the district court's certification order on typicality and adequacy grounds in

13   *Avilez*.  596 Fed. Appx. 579 (9th Cir. 2015).  Moreover, a substantial number of Class

14   and Collective members "may be barred from bringing their claims in this Court."

15   *Andrews*, 2020 WL 6253319, at *5.

16        In other words, far from being *typical* of the Class and Collective members they

17   purport to "represent," Clarke and Wittman are in fact "in a position unique" from

18   members subject to Arbitration Provisions.  *Tan*, 2016 WL 4721439, at *3.  Indeed,

19   Clarke and Wittmann "lack the ability to challenge the [arbitration] agreements on

20   behalf of individuals who did sign such agreements," which renders them atypical.

21   *Conde*, 223 F. Supp. 3d at 960; *see also Ward*, 2022 WL 17883603, at *10 (denying

22   class certification where named plaintiffs "are in possession of a defense that they

23   cannot assert on behalf of the remainder of the putative class.").  And even if Clarke's

24   and Wittmann's "claims arise from the same course of conduct . . . and are based on the

25   same legal theories" as those of the Class and Collective members, those members "are

26   subject to the mandatory arbitration and class waiver defenses not applicable to [Clarke

27   and Wittmann]" and "[l]itigation of these defenses could very well threaten to

28

overwhelm other issues in the litigation." *Farr*, 2021 WL 2826709, at *7.  As the Ninth Circuit has made clear, a representative plaintiff not subject to an arbitration agreement may not represent a class composed of individuals who are.

Moreover, allowing Clarke and Wittmann to represent Class and Collective members subject to Arbitration Provisions containing class and collective action waivers would be contrary to law and public policy favoring the enforcement of arbitration agreements.  In *Conde*, the plaintiffs argued that "[t]he fact that some putative class members signed arbitration agreements is . . . irrelevant, because, unlike [the representative plaintiff], unnamed class members are 'not part of the lawsuit.'" *Conde*, 223 F. Supp. 3d at 961.  The court rejected this argument outright, noting that such a rule "would essentially permit courts to ignore arbitration agreements signed by every absent class member, so long as there is one named plaintiff who is not bound by the arbitration agreement." *Id.* The court further noted that other courts, including the court in *Tan*, rejected similar arguments.  *Id.* at 962.

Thus, pursuant to binding Ninth Circuit authority and in accordance with every District Court decision within the Circuit to consider the matter, the Class and Collective must be redefined to exclude those bound by the Arbitration Provision.

**2.** Because of Plaintiffs' Inadequacy and Atypicality, the Class and Collective Should be Redefined to Exclude Members Subject to Arbitration Provisions.

As noted above, district courts have latitude to alter or amend "class-certification orders based on circumstances developing as the case unfolds." *Amgen*, 568 U.S. at 479 n. 9 (citations omitted).  Here, "subsequent developments" justify redefining the Class and Collective to exclude members subject to Arbitration Provisions.

Following remand from the Ninth Circuit, on March 8, 2022, AMN moved to decertify the Class and Collective and strike Plaintiffs' PAGA claim, and alternatively requested that the Court clarify that the Class Period ends on October 12, 2017.  [Dkt.

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 6300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

No. 157].  In their Opposition, Plaintiffs argued – ***for the first time*** – that the "end of the class period does not cut-off damages," which they contend accrue through January 24, 2021 despite the facts that discovery in this matter closed on March 30, 2018 and there has been no adjudication of liability for AMN's overtime practices aside from the summary judgment ruling and Ninth Circuit decision, both of which were premised on evidence of AMN's practices during the Class Period, only. [Dkt. No. 158, p. 17].  On August 15, 2022, the Court denied AMN's motion to decertify, and disregarded Plaintiffs' argument.  [Dkt. No. 164, fn. 2] ("AMN alternatively asks the Court to clarify that the class period ends on October 12, 2017, asserting that Plaintiffs contend the class period lacks and end-date . . . **Because Plaintiffs agree that the class period ended on October 12, 2017, the Court does not address the issue.**") (emphasis added).  Based on Plaintiffs' recent representation to the Court that they intend to move for summary judgment to "recover allegedly unpaid overtime damages" "until January 24, 2021," [Dkt. No. 173], it is clear that Plaintiffs continue to insist that damages accrue beyond the Class and Collective Period end-dates, including for those members who are subject to Arbitration Provisions.   Clearly, this constitutes a sufficient "subsequent development" justifying redefinition to exclude members subject to the Arbitration Provision.

Courts have found "subsequent developments" justifying redefinition in similar circumstances.  In *Wasatch Advantage Grp. LLC*, 2020 WL 230204, the plaintiffs "consistently described the relevant class period 'as the time period starting [four or six] years prior to the date of filing of this Complaint." *Id.* at *1.  Several years into the litigation, the court certified a reimbursement class consisting of individuals who were tenants "in the time period starting four years prior to the date of filing this Complaint . . ." *Id.*  However, plaintiffs had filed multiple amended complaints by that point, such that the four-year period preceding "this Complaint" was vague, and the defendants argued that "this Complaint" referred to the latest iteration of the operative complaint

only. *Id.* Accordingly, plaintiffs moved to amend the class definition to clarify that time period at issue referenced the original complaint. *Id.* The court granted plaintiffs' motion, finding that the amendment "would not change the legal theory of the case, the scope of discovery, or any element of Rule 23 analysis, and where [the other party] do[es] not claim . . . they would be prejudiced by the amendment." *Id.* at *4.

Here, like in *Wasatch*, the proposed redefinitions would not change either side's legal theories. Nor would the proposed redefinitions enlarge the scope of discovery. The Court has already set dates for expert discovery, and fact discovery closed years ago, on March 30, 2018. [Dkt No. 72]. *See* Section IV.1, *supra*.

In fact, that Clarke and Wittmann are atypical ***requires*** redefining the class. In *In re Titanium Dioxide Antitrust Litig.*, 962 F. Supp. 2d 840 (D. Md. 2013), the court redefined the class to exclude putative class members with contracts including arbitration provision because the class, as defined, did not meet Rule 23's commonality, typicality, and predominance requirements. *Id.* at 861-63 ("The class as currently defined does not meet the commonality and typicality requirements of Rule 23(a)," and "individual questions of law and fact as to the enforcement of provisions of class members' contracts predominate over any common issues," such that "the class definition will be amended" to exclude, among others, class members who signed contracts with arbitration agreements). As explained above, Clarke and Wittmann are not bound by the Arbitration Provision, while a significant number of Class and Collective members are, which renders Clarke and Wittmann atypical and inadequate to represent them. Like in *In re Titanium*, redefinition to exclude the members subject to the Arbitration Provision is plainly warranted.

Accordingly, the Court should redefine the Class as follows:

All non-exempt hourly employees employed by AMN in California from September 11, 2013 through the date of class certification who worked overtime during one or more pay periods from September 11, 2013 through the date of class certification pursuant to a Professional Services Agreement that provided for per diem adjustments based on the number of hours and/or shifts missed and had the value of per diem

AKERMAN LLP
600 WEST FIFTH STREET, SUITE 5000
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

benefits excluded from their regular rate for purposes of calculating overtime, **excluding employees bound by a Professional Services Agreement containing an arbitration provision**.

The Court should also redefine the conditionally certified FLSA Collective as:

All non-exempt hourly employees employed by AMN in California at any time since September 13, 2013 or outside California at any time since December 15, 2013 whose employment was governed by a Professional Services Agreement **that did not contain an arbitration provision and** that provided for per diem adjustments based on the number of hours and/or shifts missed and had the value of per diem benefits excluded from their regular rate for purposes of calculating overtime.

**3.** <u>Plaintiffs Cannot Rely on Collateral Attacks Against the Arbitration Provision within the PSA to Escape Redefinition.</u>

Clarke and Wittmann have no legal interest in the application of the Arbitration Provision and, therefore, no standing to challenge its enforceability. Accordingly, they cannot escape redefinition of the Class and Collective by arguing that the Arbitration Provision is unenforceable.

"Under California law, a plaintiff lacks standing to challenge a contract if he is not a party to the contract or if the principal contract 'was not made expressly for the benefit of plaintiff.'" *Baum v. Am.'s Servicing Co.*, No. 12-CV-00310-H BLM, 2012 WL 1154479, at *4 (S.D. Cal. Apr. 5, 2012) (quoting *Luis v. Orcutt Town Water Co.*, 204 Cal.App.2d 433, 439 (1962)); *see also* Cal. Civ. Code § 1559 (contract rights and defenses may only be enforced by parties and an intended third-party beneficiary). Numerous district courts have enforced this fundamental rule to prohibit representative plaintiffs from challenging the enforceability of arbitration agreements they are not parties to. *See, e.g.*, *Tan*, 2016 WL 4721439, at *6 ("[Named plaintiff] has no standing to challenge the applicability or enforceability of the arbitration and class action waiver provisions. [Named plaintiff] cannot challenge those provisions himself because, in light of his decision to opt out, they do not apply to him"); *Gile*, 2022 WL 3574168, at *2 (holding that representative plaintiff had "no standing to challenge the arbitration

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 3000
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

agreements of the 11,220 unnamed class members subject to [arbitration] agreements."); *Heredia*, 2021 WL 811856, at *4 n. 4 ("Although Plaintiffs have indicated an intent to challenge the arbitration agreements on the grounds of unconscionability, the Court need not reach this argument. Plaintiffs—who have not signed these agreements—lack standing to challenge their enforceability."); *Campanelli*, 2018 WL 6727825, at *8 ("*Avilez* held that the class definition should be narrowed to exclude putative class members who have signed class action waivers. *Avilez* found it unnecessary to determine whether the arbitration agreements were enforceable, much less engage in a fact-specific inquiry about the circumstances under which each putative class member signed the agreement.  The court holds the same here.").

Even so, AMN anticipates that Plaintiffs will raise other collateral attacks against the Arbitration Provision, which, as thinly veiled attempts to argue against enforcement of the agreements they are not subject to, must fail.  For instance, Plaintiffs may challenge the post-dispute rollout of the Arbitration Provision.  However, both *Armendariz v. Found. Health Psychcare Servs. Inc.*, 24 Cal.4th 83 (2000), and *Gentry v. Super. Ct.*, 42 Cal.4th 443 (2007), overruled on other grounds, recognize that employers may enter post-dispute arbitration agreements with allegedly aggrieved employees.  *Armendariz*, 24 Cal.4th at 112 (employers are free to "negotiate postdispute arbitration agreements" with employees); *Gentry*, 42 Cal. 4th at 467 n. 9 ("nothing in this opinion, nor in any subsequent trial court ruling, precludes [an employee] from entering into an individual postdispute arbitration agreement with" her employer); *see also Salgado v. Carrows Rests., Inc.*, 33 Cal.App.5th 356, 361-62 (2019) (recognizing the retroactive application of a post-dispute agreement.).

Plaintiffs may also argue that the Arbitration Provisions are somehow unenforceable because they did not disclose this lawsuit to Class and Collective members.  However, such disclosure was squarely not required in this case, because all

1   of the members bound by arbitration agreements entered them after this Court entered
2   summary judgment in AMN's favor and before the Ninth Circuit reversed that decision.
3   *C.f. Balasanyan v. Nordstrom, Inc.*, Case No.: 11–cv–2609–JM–WMC, 2012 WL
4   760566, at *2 (S.D. Cal. Mar. 8, 2012). Courts may exercise discretion to refuse to
5   enforce arbitration agreements rolled out to putative class members that fail to disclose
6   underlying litigation where the members are vulnerable, and the employer acts
7   coercively and in an effort to narrow the class. *Chen-Oster v. Goldman, Sachs & Co.*,
8   449 F. Supp. 3d 216, 263-64 (S.D. NY. 2020). None of the factors warranting
9   invalidation of arbitration agreements are present here. Here, AMN rolled out the PSAs
10  with Arbitration Provisions six years after this case was initiated and, more importantly,
11  after summary judgment was entered in AMN's favor.

## V.   CONCLUSION

AMN respectfully requests an Order redefining the Class and Collective to exclude members who are bound by PSAs with Arbitration Provisions.

DATED: January 20, 2023          AKERMAN LLP

By: /s/ Sarah Kroll-Rosenbaum
Sarah Kroll-Rosenbaum
Anthony D. Sbardellati
Nancy Sotomayor
Harrison Thorne
Attorneys for Defendant
AMN SERVICES. LLC

AKERMAN LLP
600 WEST FIFTH STREET, SUITE 1800
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342