**AKERMAN LLP**
SARAH KROLL-ROSENBAUM (SBN 272358)
sarah.kroll-rosenbaum@akerman.com
ANTHONY D. SBARDELLATI (SBN 246431)
anthony.sbardellati@akerman.com
HARRISON THORNE (SBN 313295)
harrison.thorne@akerman.com
601 West Fifth Street, Suite 300
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Attorneys for Defendant
AMN SERVICES, LLC

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNA MAXWELL CLARKE, and LAURA WITTMANN, individuals on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>AMN SERVICES, LLC,<br><br>        Defendant. | Case No. 2:16-cv-04132-DSF-KS<br><br>HON. DALE S. FISCHER<br><br>**DEFENDANT AMN SERVICES, LLC'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

1

## **TABLE OF CONTENTS**

2                                                                                                              Page

3
4
I.     The Combination of Factors Relied upon by the Ninth Circuit to
       Conclude that AMN's Per Diems were Wages Ceased to Exist in
       September 2018. ..................................................................................... 1

5
6
II.    Plaintiffs' Motion Seeks a Determination as to Damages Only, and Not
       Liability, which Has Never Been Established post June 2018 ....................... 3

7
III.   CONCLUSION .............................................................................................. 4

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**AKERMAN LLP**
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANT AMN SERVICES, LLC'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Clarke v. AMN Servs., LLC,*
  987 F.3d 848 (2021) ..................................................................................... 1, 2

*Katzir's Floor & Home Design, Inc. v. M-MLS.com,*
  394 F.3d 1143 (9th Cir. 2004) ........................................................................ 4

*Motores De Mexicali, S.A. v. Super. Ct.,*
  51 Cal.2d 172 (1958) ...................................................................................... 3

*OSHO Int'l Found. v. Chapman Way,*
  No. 2:19-cv-00753-RSWL-JEM, 2019 WL 12379558
  (C.D. Cal. Sep. 11, 2019) ............................................................................... 3

*Ramsey v. Fox News Network, LLC,*
  323 F. Supp. 2d 1352 (N.D. Ga. 2004).......................................................... 3

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANT AMN SERVICES, LLC'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT**

AMN Services, LLC ("AMN") respectfully submits the following supplemental brief in response to the Court's May 8, 2023 Order on Plaintiffs' Motion for Summary Judgment.

## I.    The Combination of Factors Relied upon by the Ninth Circuit to Conclude that AMN's Per Diems were Wages Ceased to Exist in September 2018.

The Ninth Circuit's determination that the per diem payments made by AMN to traveling clinicians functioned as wages was not premised exclusively on the terms of AMN's written policy or any singular fact. *Clarke v. AMN Servs., LLC*, 987 F.3d 848 (2021) ("*Clarke*"). Rather, the Ninth Circuit premised its ruling on the "function" of the per diem payments, which it evaluated on the basis of a "combination of factors." *Clarke*, 987 F.3d at 856-57.  "Perhaps most tellingly," the factors relied upon by the Ninth Circuit included AMN's ***prior*** practice of providing per diem payments to "local clinicians" which were "included as part of their wages for both tax purposes and calculation of their regular rate of pay for overtime purposes." *Id*. And critically, the "combination of factors" which "together indicate[d]" that AMN's per diem payments to traveling clinicians functioned as wages ceased to exist in September 2018, when AMN stopped the practice of employing local clinicians. Declaration of Becky Ansley ("Ansley Decl."), ¶ 2; *see also* March 4, 2022 Declaration of Lisa Larson, ¶ 2.

In fact, AMN's treatment of per diem payments made to local clinicians was essential to the Ninth Circuit's conclusion that the per diem payments to the traveling clinicians were wages. To wit, "AMN pays local clinicians the same per diems it would if the clinicians were traveling … the comparison to local clinicians' payments is an ***exceedingly strong indication*** that the per diem payments made to both groups of clinicians function as compensation for labor." *Id*. at 857-858. And "in sum," the Court held, "***a combination of factors*** –the tie of the per diem deduction to shifts not worked regardless of the reason for not working; the 'banking hours' system; the default payment of per diem on a weekly basis, including for days not worked away from home, without regard to whether any expenses were actually incurred on a given day; ***and the***

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1
2
3

*payment of per diem in the same amount, but acknowledged as wages, to local clinicians who do not travel—together indicate* that the payments functioned as compensation for hours worked." *Id.* at 858.

4
5
6
7
8
9
10
11
12
13
14

Since the "most telling[]" and "exceedingly strong" factor relied upon by the Ninth Circuit ceased to exist in September 2018, neither liability nor damages for the subsequent timeframe can be assessed on the basis of the *Clarke* decision, which hinged entirely on the "combination of factors… together indicat[ing]" that AMN's per diems paid prior to June 26, 2018 were wages. And even Plaintiffs acknowledge the materiality of the local clinician factor, which is addressed in their Separate Statement as Facts 8 and 9, both of which AMN disputed. (Dkt. No. 183-1) Simply put, the lack of the "most telling[]" factor during the period following September 2018 presents a completely different factual scenario than that which was examined by the Ninth Circuit in *Clarke*, mandating a different outcome here, or in the very least precluding entry of judgment as a matter of law.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

Finally, to the extent that Plaintiffs contend that AMN's payroll data reflects the continued payment of taxed per diems to local clinicians following September 2018, that interpretation is premised on a lack of necessary, contextual information. Ansley Decl., ¶ 3. Specifically, although AMN indeed made taxed per diem payments to a small number of clinicians after that date, it did so as required to comply with IRS requirements for its accountable plan related to (1) the permissible duration of tax-free per diem payments (*i.e.*, in the case of traveling clinicians who worked in the same general geographic location for more than 365 days) and (2) documentation needed to substantiate that the affected traveling clinicians were incurring duplicated expenses (*i.e.*, in the case of traveling clinicians who failed to complete a proper Tax Home Declaration Form). *Id.*, ¶ 4. In a few cases, AMN may have mistakenly paid taxed per diems to local clinicians due to administrative errors resulting in non-compliance with AMN's post-September 2018 policy prohibiting the employment of local clinicians and the payment of taxed per diems to them. *Id.*, ¶ 5.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANT AMN SERVICES, LLC'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Because the "combination of factors" examined by the Ninth Circuit ceased to exist in September 2018, AMN respectfully requests that the Court deny Plaintiffs' Motion.

## II.    Plaintiffs' Motion Seeks a Determination as to Damages Only, and Not Liability, which Has Never Been Established post June 2018.

Although addressed in AMN's Opposition, it bears repeating that Plaintiffs have never established liability for the period following this Court's June 26, 2018 summary judgment order and their Motion does not even purport to seek a liability determination. Rather, their Motion merely seeks a ruling as the applicable damages period. (Dkt. No. 177) ("Please take notice that…Plaintiffs….move the Court for an order granting them partial summary judgment as to … whether class members may recover unpaid overtime incurred after the date of class certification…); (Dkt. No. 173) ("Whereas…Plaintiffs anticipate filing a motion for partial summary judgment as to … whether class and collective members' right to recover allegedly unpaid overtime damages terminates at the date of class certification or continues until January 24, 2021…")

And of course, it is elementary that "without liability, there are no damages to recover." *Ramsey v. Fox News Network, LLC*, 323 F. Supp. 2d 1352, 1357 (N.D. Ga. 2004); *see also OSHO Int'l Found. v. Chapman Way*, No. 2:19-cv-00753-RSWL-JEM, 2019 WL 12379558, at *2-3 (C.D. Cal. Sep. 11, 2019) (damages are recoverable only following a determination that a defendant is liable). At no point since June 26, 2018 has ***any*** court issued ***any*** determination concerning liability for the period following the Court's initial summary judgment order (later reversed) – which was based on evidence of AMN's practices during the Class Period. Awarding Plaintiffs damages for practices during a time period never litigated not only ignores Plaintiffs' burden to establish liability, but also deprives AMN of its due process rights, for all of the reasons set forth in AMN's Opposition brief. *See, e.g.*, *Motores De Mexicali, S.A. v. Super. Ct.*, 51 Cal.2d 172, 176 (1958) (due process "guarantees that any person against whom a claim is

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANT AMN SERVICES, LLC'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

1  asserted in a judicial proceeding shall have the opportunity to be heard and to present
2  his defenses."); *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143,
3  1149 (9th Cir. 2004) (same).

4      Accordingly, Plaintiffs' Motion for Summary Judgment must be denied.

5  **III.  CONCLUSION**

6      For all of the foregoing reasons and those set forth in the Opposition, AMN
7  respectfully requests that the Court deny Plaintiffs' Motion for Partial Summary
8  Judgment.

10  DATED:  May 15, 2023                **AKERMAN LLP**

12                                      By: */s/ Anthony Sbardellati*
13                                          Sarah Kroll-Rosenbaum
                                            Anthony Sbardellati
14                                          Harrison Thorne
                                            Attorney for Defendant
15                                          AMN SERVICES, LLC

**DEFENDANT AMN SERVICES, LLC'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342